IN THE

# Supreme Court of the State of Georgia,

## AT ATHENS,

# MAY TERM, 1860.

Present—JOSEPH H. LUMPKIN,  
RICHARD F. LYON,  } Judges.  
CHARLES J. JENKINS,

## JARRETT vs. ARNOLD.

1. It is a violation of the Act of 1850, making it unlawful for the Judge to express or intimate to the jury what was or has not been proved, to charge them that they should find for the plaintiff the amount which he claims, if they believe the witnesses who testified in the case.

Complaint, in Taliaferro Superior Court. Tried on the Appeal, before Judge Thomas, at February Term, 1869.

This was an action by Arnold against the plaintiff in error, as administratrix of Johnson Jarrett, deceased, to recover for services rendered testator, as nurse, in his last illness. The declaration was in the common form of complaint, and had annexed the account for said services, amounting to $500. The *quantum meruit* count was afterwards added by way of amendment.

The testimony being closed, the presiding Judge charged the jury, stating the grounds upon which the plaintiff relied to support his action, and upon which the defendant resisted

it, and commenting upon the points presented by the record and evidence. The jury found for the plaintiff five hundred dollars; whereupon defendant filed her bill of exceptions, assigning as error said charge.

1st. In excluding from the consideration of the jury important testimony as to the character in which plaintiff rendered the alleged services, whether as a hireling or as a friend and relation, without intending or expecting to charge therefor.

2d. In excluding from their consideration the proper *amount* of compensation for said services, if he were entitled to compensation at all.

3d. In excluding from the consideration of the jury the question as to whether the remarks proven to have been made by testator were to be considered as words imparting a gift or bequest, or a contract and legal liability.

4th. In expressing an opinion upon the value to be put upon the evidence in the case.

Wm. M. Reese, for plaintiff in error.

Sam. Barnett, *contra.*

*By the Court.*—Lumpkin, J., delivering the opinion.

After referring to the testimony, Judge Thomas in conclusion, said to the jury: "Therefore, I charge you that if you believe the evidence of Cull, and also of Smith and Chafin, you ought to find a verdict for the plaintiff for the sum of five hundred dollars, with interest from the time the services were fully completed and ended."

It is complained by counsel for the defendant below, that the foregoing, as well as other portions of his Honor's charge, are violatory of the Act of 1850, which makes it unlawful for the Judge to express or intimate to the jury what has or has not been proved in any case. (*Cobb*, 462.) It would seem that the learned Judge had expressed a pretty decided opinion, that the special contract set up by the plaintiff had been fully proved by the witnesses who were sworn upon the trial, and that it only remained for the jury to settle in their own minds whether or not Cull, and Smith, and Chafin were to be believed.

I would merely add, that no one, so far as the record discloses, doubted the veracity of the witnesses; and the only question made was, had they made out, by proof, the special contract, namely: that the plaintiff was to get five hundred dollars for nursing the deceased during his nine days of illness?