## NELSON *v.* THE STATE.

The charge complained of really amounted to an intimation or expression by the judge as to what had been proved in the case; and, so construed, a new trial is required under that provision of law which prohibits a judge from expressing or intimating to a jury what has or has not been proved.

Argued October 16,—Decided November 8, 1905.

Indictment for simple larceny. Before Judge Seabrook. Effingham superior court. June 17, 1905.

Nelson was tried upon an indictment charging him with the offense of hog-stealing. He was convicted, and to a judgment overruling his motion for a new trial he excepts. Error is assigned, in

the motion, upon the following charge: "Now the State contends, gentlemen of the jury, that upon the date named in the indictment, and in the manner and form therein set forth, that this defendant took and carried away, with intent to steal, one certain described hog, being the property of the prosecutor, Mr. E. E. Foy. The State contends that that contention has been sustained by the evidence introduced on behalf of the State by the various witnesses that the State has sworn in the case, and also by facts and circumstances that have developed from the defendant's witnesses, and from the defense set up in the case. Now, among other things, the State contends that the indictment has been sustained by the testimony of one Mr. Hunter, who says that he had marked a number of hogs for the prosecutor; that he was familiar with his mark, and that the hog that is in question was inspected by him in company with Mr. Hurst, and that the hog was in the mark of Mr. Foy. The State contends that this contention has been proved or sustained by the testimony of Mr. Hurst. You have heard this testimony. It is contended that he went with Mr. Hunter and saw the hog in question in the pen of the defendant; that the hog was one with which he was very familiar, having known it from its earliest infancy; that he had marked the identical hog; knew its flesh mark, its color, and that it was the hog of Mr. Foy." This charge is alleged to be erroneous for several reasons, among them being that it contained an intimation of opinion by the court to the jury, and that it is argumentative, and singled out issues of fact.

*J. Hartridge Smith, R. F. C. Smith,* and *Strange & Strange,* for plaintiff in error. *Livingston Kenan, solicitor-general,* contra.

COBB, P. J. "The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in the pending trial, as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents ·law and fact make a verdict. In delivering his charge the trial judge should carefully avoid an invasion of the province of the jury. He should refer to the evidence only so far as is necessary to present the leading issues of the cause, leaving the minor contentions of opposing counsel to the consideration of the jury under appropriate general instructions. It should contain no such summary of the evidence as might to a jury seem either to be an

argument or amount to the expression or intimation of an opinion thereon." *Thomas* v. *State, 95 Ga.* 484. It was held in the case from which the above quotation was made that it was error for the presiding judge to repeat the substance of the testimony of the State's witnesses, and submit these, with the argumentative deductions therefrom by the State's counsel, as issues in the case. The judge should not in his charge take up and recapitulate in detail the testimony of the witnesses as it was delivered from the stand, in such a way as is calculated to leave the impression upon the minds of the jury that the testimony of such witnesses has established the fact contended for by one of the parties, or that such testimony is of a nature that is entitled to more consideration than other testimony in the case. *McVicker* v. *Conkle, 96 Ga.* 597. The ruling in the case just cited practically goes to the extent of holding that it is error for the judge to state to the jury what a witness has testified, such a statement being in effect an expression of opinion as to what has been proved. *Suddeth* v. *State, 112 Ga.* 409.

The use of the expression "it is contended," or similar phrases, will not in all cases have the effect to relieve a charge detailing the evidence of a particular witness or witnesses from an objection that it amounts to an expression or intimation of opinion. *Smith* v. *Hazlehurst, 122 Ga.* 792. We think that the charge under consideration was liable not only to leave the impression upon the minds of the jury that the facts testified to by the witnesses named had been established, but also that the testimony of such witnesses was entitled to more consideration than that of other witnesses who were not named or referred to in the charge. The case is at best upon the evidence close and doubtful, and the error in the charge is in our opinion such as to require a reversal of the judgment refusing to grant a new trial.

*Judgment reversed. All the Justices concur.*