### 1014. EDWARDS v. THE STATE.

1. To shoot in the direction of another, not to hit him, but only "to bluff or scare him," does not, without more, make an assault. The intention to commit a violent injury on the person, coupled with the attempt to do so, constitutes this offense.
2. A statement by the court to the jury as to what a witness has testified, where such testimony is material and prejudicial to the accused, is reversible error.

Conviction of assault, from Bartow superior court—Judge Fite. February 1, 1908.

Argued March 11,—Decided March 30, 1908.

*James B. Conyers,* for plaintiff in error.

*Sam P. Maddox, solicitor-general,* contra.

HILL, C. J. The plaintiff in error was indicted for the offense of assault with intent to murder, and was convicted of the offense of assault. His motion for a new trial being overruled, he brings his case here. The evidence, in brief, shows that the defendant.

either shot at the prosecutor with a pistol, or that he shot in the direction of the prosecutor, with no intent to hit him. In other words, the sole issue in the case was whether the accused, in shooting, was actuated by criminal intent or harmless mischief. This was a question of fact, for the determination of the jury; and as there is to be a new trial of the case, we will not express any opinion on the facts. The question for our determination arises upon the charge of the court, which, so far as excepted to, was in these words: "If the defendant shot at the negro, intending to hit him, but not to kill him, he would be guilty of the offense of shooting at another, whether he hit him or not. And if you find that he shot in the direction of this party, as he testifies, but not to hit him, but only to bluff or scare him, then he would be guilty of a simple assault." This charge is assigned as error on two grounds: (1) "Because, an assault being an attempt to commit a violent injury upon the person of another, as defined by the law, the shot in the direction of the party, but not to hit him, could not possibly be an assault; and it was therefore erroneous in the court to tell the jury that from these facts, if they found them to be true, the defendant could be found guilty of a simple assault." (2) Because the expression used by the court, "as he testifies" (alluding to the prosecutor), was an intimation or expression as to what had been proved in the case, and was therefore a violation of section 4334 of the Civil Code.

1. The Penal Code of this State, §95, defines an assault as "an attempt to commit a violent injury on the person of another." This definition is in substance the same as that of the common law. Blackstone says that an assault "is an attempt or offer to beat another, without touching him." 3 Bl. Comm. 120. Russell describes an assault as "an attempt or offer with force and violence to do a corporal hurt to another." 3 Russ. Crimes, §1019. Roscoe defines it as "any attempt or offer with force or violence to do a corporal hurt to another, whether from malice or wantonness." Ros. Ev. 257. Bacon, in his Abridgment, says that "an assault is an attempt or offer, accompanied by a degree of violence, to commit some bodily harm, by any means calculated to produce the end if carried into execution. Levelling a gun at another within a distance from which, supposing it to have been loaded, the contents might wound, is an assault." American writers on criminal law

have adopted substantially the same definition. Greenleaf says that an assault is "an intentional attempt by force to do an injury to another." 3 Gr. Ev. 59. And Wharton defines it as an "intentional attempt by violence to do an injury to another." Whar. Cr. L. §1541. It is also defined in law dictionaries as an "attempt unlawfully to apply any actual force, however small, to the person of another, directly or indirectly." The courts, both of England and of this country, have generally accepted this definition, and have applied it in the decision of cases to which it was pertinent. From text-writers and the decisions of courts, we deduce the proposition that an intent to injure is the gist of the offense of assault; that it necessarily includes the idea of intended violence towards the person assaulted. In every assault there must be an intent to injure. The test is, was there a present purpose of doing a bodily injury? If so, the acts will amount to an assault, otherwise they will not. In other words, the intention to do bodily harm is of the essence of an assault. It is an inchoate violence, with the present means of carrying the intent into effect. Pointing a pistol at another would perhaps be sufficient evidence of an intent to do harm, if nothing more appeared; and in this State the intentional pointing of a pistol at another, whether loaded or unloaded, is made a misdemeanor. Penal Code, §343. But if the pointing of the pistol was done playfully, or was accompanied by the declaration that there was no intention to shoot, and a disclaimer of any criminal intent, it would not amount to a criminal assault. In all cases it would be a question for the jury to determine, from the facts, as to the intent; for if the prosecutor had reason, in view of all the circumstances, to apprehend danger, notwithstanding pacific declarations, the jury might be authorized to find the existence of a criminal intent. We do not think, if one shoots in the direction of another, not intending to hit him, but only intending to scare him, that the shooter would in law be guilty of an assault. As was said by the Supreme Court of Wisconsin, in Degenhardt v. Heller, 93 Wis. 662 (68 N. W. 411, 57 Am. St. R. 945), "the firing of a revolver in close proximity to a person, without pointing it at him, and with no intention to harm him, but only to frighten him, is not an assault." Greenleaf declares that "in the case of a mere assault, the quo animo is material, as, without an unlawful intention, there is no assault." 2 Gr. Ev. §94. We do not doubt that

the firing of a pistol in the direction of another, within a distance in which it might do execution, although with the intention of frightening only, might amount to an assault. And if one should recklessly fire a pistol in the direction of another, it might constitute an assault; for the offense may consist in putting another in fear of violence. But to charge, without qualification, that if the accused shot in the direction of the prosecutor, not intending to hit him, but only "to bluff or scare him," he would be guilty of an assault, is error.

The case of *Crumbley* v. *State*, 61 *Ga.* 582, is relied upon by the solicitor-general. In that case Judge Bleckley, speaking for the court, says, "To shoot at another with a gun, at a distance of twenty steps, is an assault, even if the gun be loaded with powder only." But in that case the prosecutor was shot at, and the distance was only twenty steps, and it was not pretended that the prosecutor knew with what the gun was charged, or for what purpose it was presented at him and fired. This decision is interpreted by Judge Bleckley in the case of *Clark* v. *State*, 84 *Ga.* 577 (10 S. E. 1094). "We think the true law of powder guns is this, that if they be discharged without legal excuse at another who is within the distance to which they will carry their load or any part of it, the offense is committed; but what that distance is, is a question of fact for the jury;" and (p. 578) that "there was no purpose, in *Crumbley* v. *State*, . . to treat it otherwise, the essential matter in that case, under the finding of the jury, being only as to a mere assault; and that the facts proved constituted an assault there could be no doubt." We do not think that the learned jurist meant to hold that to shoot in the direction of a person without any intention to hit him, and beyond the possible range of the gun, could amount to an assault. To so hold would be contrary to every definition of such an offense; for to constitute the offense, there must of necessity exist the purpose, coupled with the attempt to inflict bodily injury. We think there is material difference in shooting *at* another and shooting *in the direction* of another. The former, of course, includes the latter; but the latter does not necessarily include the former. To shoot at, in a criminal sense, necessarily implies a sufficient nearness to the person shot at to render the act actually or apparently dangerous; but to shoot in the direction of a person conveys no such definite idea of the intervening space. We

therefore conclude, as before stated, that the learned judge erred in charging, without qualification, as above set out.

2. The charge is further objected to on the ground that it contains a statement by the court as to what the prosecutor had testified, and was therefore a violation of §4334 of the Civil Code. It has been frequently ruled by this court and the Supreme Court that a statement by the court to the jury as to what a witness has testified is an intimation or expression of opinion as to what has been proved, within the meaning of this section. *Davis* v. *State*, 91 *Ga.* 167 (17 S. E. 292); *Suddeth* v. *State*, 112 *Ga.* 409 (37 S. E. 747); *McVicker* v. *Conkle*, 96 *Ga.* 597 (24 S. E. 23). Following these decisions, we are constrained to hold that the trial court committed an error in making the following statement to the jury: "If you find he shot in the direction of this party" (meaning the prosecutor), "as he testifies," etc.                    *Judgment reversed.*

POWELL, J., concurring specially. I agree to the reversal, on the ground stated in the second headnote; but I think that fright is such bodily harm that to shoot in the general direction of a person, with intent to "bluff or scare" him, is an assault.