## 16809. BYRD *v.* THE STATE.

BROYLES, C. J. The defendant was indicted for the offense of arson. Upon the trial the judge charged as follows: "Everything in the case is circumstantial evidence except that of a witness who testified he saw the actual burning, and saw the defendant in the act of burning it." This charge was excepted to on the ground that it contained an intimation or expression of opinion on the part of the trial judge as to what had been proved in the case. *Held:* The exception was well taken, and the error in the charge requires a new trial. *Suddeth* v. *State*, 112 *Ga.* 407 (3), 409 (37 S. E. 747), and citations; *Edwards* v. *State*, 4 *Ga. App.* 167 (2), 171 (60 S. E. 1033); *Pettyfoot* v. *State*, 7 *Ga. App.* 26 (65 S. E. 1074).

> *Judgment reversed. Luke and Bloodworth, JJ., concur.*
> DECIDED DECEMBER 15, 1925.

Arson; from Bibb superior court—Judge Mathews. August 18, 1925.

*Clements & Clements, W. A. McClellan,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

---

## 16810. FLANDERS *v.* VANDERBILT *et al.,* receivers.

BROYLES, C. J. 1. The judge committed no error in his rulings upon the admissibility of evidence, and, under the facts of the case, properly directed a verdict in favor of the plaintiff in fi. fa.

2. This court not being satisfied that the writ of error was prosecuted for the purpose of delay only, the request of the defendant in error for the award of damages is denied.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
> DECIDED DECEMBER 15, 1925.

Affidavit of illegality; from city court of Wrightsville—Judge Blount. August 13, 1925.

*A. L. Hatcher, H. T. Hicks,* for plaintiff in error.

*C. S. Claxton,* contra.