## 42101. MILLER v. DEAN.

EBERHARDT, Judge. 1. In a negligence action the plaintiff is not, as a matter of law, entitled to recover some amount because the defendant admitted negligence and fault on his part and plaintiff testified that she received some injury, as did her doctor, who, in finding evidence of injury when examining her, also based his opinion upon her history of the accident and her complaints. "[A] mere showing [or ad-

mission] of negligence on the part of the defendant is insufficient to establish a right to recover." *Albright v. Powell,* 113 Ga. App. 363, 368 (147 SE2d 848). The jury may, from the inconsistency of plaintiff's testimony, from her history of prior injuries and disease (arthritis) in the portion of her body to which she claimed injury in the present circumstances, from her conduct following this particular incident, from inconsistent statements which she may have made, or from her demeanor as an interested witness on the stand, have determined that although defendant had been at fault in the striking of the rear of plaintiff's vehicle, plaintiff had suffered no injury—that it was a situation of *injuria absque damno.* Whether a plaintiff has in fact suffered injury, as well as whether the defendant may be liable therefor, are peculiarly questions to be resolved by the jury.

The credibility of the witnesses and the weight and value to be given their testimony is exclusively for the jury. *Wyatt v. State,* 18 Ga. App. 29 (3) (88 SE 718). Nor are they bound by the opinions of experts, including physicians. *Baldwin v. Georgia Automatic Gas Co.,* 85 Ga. App. 767, 780 (70 SE2d 108) ; *Holmes v. Harden,* 96 Ga. App. 365, 371 (100 SE2d 101).

2. That the trial judge referred seven times in his charge to the matter of the plaintiff's admitted previous injury, three of which were in requests submitted by the plaintiff and three, in requests submitted by the defendant, does not constitute an undue emphasis upon the matter. *Porter v. Southern R. Co.,* 74 Ga. App. 546 (3) (40 SE2d 438) ; *Mendel v. Pinkard,* 108 Ga. App. 128, 138 (132 SE2d 217).

3. Reference in the charge to facts which are in evidence and undisputed does not constitute the expression of an opinion under the proscription of *Code* § 81-1104. *Marshall v. Morris,* 16 Ga. 368 (7) ; *Greer & Co. v. Raney,* 120 Ga. 290 (47 SE 939) ; *Miller v. State,* 151 Ga. 710 (7) (108 SE 38) ; *May v. Sorrell,* 153 Ga. 47, 57 (111 SE 810) ; *Georgia R. &c. Co. v. Cole,* 1 Ga. App. 33 (1) (57 SE 1026) ; *Davis v. State,* 24 Ga. App. 35, 37 (3) (100 SE 50) ; *Pruitt v. State,* 36 Ga. App. 736, 737 (138 SE 251) ; *Imperial Investment Co. v. Modernization Constr. Co.,* 96 Ga. App. 385 (2) (100 SE2d 107) ; *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 161 (121 SE2d 388).

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED JUNE 10, 1966—DECIDED JUNE 23, 1966.

James H. Fort, for appellant.

Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs, for appellee.