71404, 71405. DOBBS v. TITAN PROPERTIES, INC.;
and vice versa.
(343 SE2d 419)

BEASLEY, Judge.

On December 9, 1983, Kaplan, as president of Equipment Exchange, Inc., the property owner, signed a 61-month lease agreement with Dobbs for a 64,000-square-foot warehouse; a rental schedule was included. Dobbs paid three months' rent and thereafter failed to

---

[1] However, the rifle was his and the evidence did not demand a finding that he was asleep.

make any further payments under the lease but still continued to occupy the premises.

Equipment Exchange subsequently assigned the lease to Titan Properties, Inc. which brought a complaint against Dobbs seeking past due rent, interest, unpaid expenditures to the leased property, and attorney fees. A bench trial resulted in a judgment for plaintiff awarding past due rent, interest and attorney fees in the aggregate amount of $112,887.59. Dobbs appealed, and Titan cross-appealed from the exclusion of evidence regarding its further claim for unpaid expenditures Dobbs was obligated by the lease to pay.

1. Dobbs has continued to occupy the premises for at least two years without paying rent. He now claims that the lease agreement was void *ab initio* because Kaplan lacked written authority to act for the corporation. Dobbs contends that because the execution of the lease must be in writing to satisfy the statute of frauds (OCGA § 13-5-30), the act creating Kaplan's agency must be executed with the same formality. This argument is specious.

First, in *Baxley Hardware Co. v. Morris*, 165 Ga. 359 (2) (8) (140 SE 869) (1927) it was claimed that a written contract for the lease of real estate was not binding because the plaintiff's name was signed by her husband without her written authority. The Court refused to accept the "equal dignity" argument holding that the plaintiff was estopped from denying the validity of the contract where the defendant had taken possession, made improvements as contemplated by the rental agreement and plaintiff had accepted rent payments.

Second, assuming arguendo that Kaplan acted ultra vires in executing the lease on behalf of the corporation, his act was nevertheless ratified by the corporation when it accepted rent and allowed Dobbs to occupy the premises. Moreover, the corporation's assignment of the lease to Titan further demonstrated that it recognized the validity of the original contract. Finally, the instant complaint admits the existence of the lease agreement. Although the lawsuit was brought by Titan, the assignee, Equipment Exchange, Inc. did nothing to repudiate the contract.

It has long been the law in Georgia that " '[a] ratification by the principal relates back to the act ratified, and takes effect as if originally authorized. A ratification may be express, or implied from the acts or silence of the principal . . .' 'Where a principal is informed by his agent of what he has done, the principal must express his dissatisfaction within a reasonable time, otherwise his assent to his agent's acts will be presumed . . . Unless the principal repudiates the act promptly or within a reasonable time, a ratification will be presumed.' " *Thompson v. Neely & Wilcox*, 32 Ga. App. 131, 133 (123 SE 171) (1924); see also *Burke County Bd. of Education v. Raley*, 104 Ga. App. 717, 720 (1) (123 SE2d 272) (1961).

The undisputed facts demonstrate the existence of a contract which, even if invalid initially, was later ratified by the corporation.

Dobbs' actions prior to defending this lawsuit consistently show recognition and acceptance of the lease. Rent was paid for three months, an option provision of the lease was invoked by Dobbs and a written promise was given to pay all arrearages at the time of closing. (No closing ever took place because Dobbs subsequently reneged on the option commitment.) Most significantly, in his answer to the instant complaint, Dobbs admitted that he entered into a lease contract with Equipment Exchange, Inc. The totality of his conduct until the time of trial supports the position that Dobbs assumed a contract to be in force. This eleventh hour challenge is untenable.

We thereby affirm the judgment of the trial court.

2. We further find that this appeal is totally without merit and that it has been taken solely for purposes of delay. Appellant has obtained possession and use of the property rent free for approximately two years. He has been afforded a full opportunity in court and has received a fair adjudication of the issue in dispute. Pursuant to OCGA § 5-6-6 damages are awarded against appellant and in favor of the appellee at the rate of 10% on the amount of the judgment. The award shall be entered in the remittitur. *Felker v. Johnson*, 189 Ga. 797 (7 SE2d 668) (1940).

3. In its cross-appeal, Titan claims that the court erroneously ruled that there was no evidence of damage flowing from the breach of Special Stipulation 7, and therefore, the amount sought is not recoverable.

Special Stipulation 7 to the lease agreement provides: "Tenant hereby agrees to provide evidence of expenditures for the property within the first twelve (12) month period of this Lease in the amount of no less than Fifty Thousand and no/100's Dollars ($50,000.00) at the written request of the Landlord." Thus, the parties agreed that as part of the consideration for the contract Dobbs would spend $50,000 in the first year and provide proof of those expenditures if requested by the Landlord. It is undisputed that the landlord, pursuant to Stipulation 7, sent a written request to the tenant asking for evidence of the $50,000 expenditures. When Dobbs failed to respond, he breached the contract.

The burden of proof is on the plaintiff to show both the breach and the damage with sufficient evidence to enable a jury to calculate the amount of damages with a reasonable degree of certainty. "It cannot be left to speculation, conjecture and guesswork. [Cits.]" *Hospital Auth. of Charlton County v. Bryant*, 157 Ga. App. 330, 331 (2) (277 SE2d 322) (1981).

The parties concede that Stipulation 7 was not a liquidated damages clause. It cannot be estimated with a reasonable degree of cer-

tainty and exactness the actual damages, if any, sustained by the tenant's failure to provide evidence of expenditures "for the property within the first twelve . . . month[s]" of "no less than" $50,000. Expenditures for the property could have been in the form of fixtures annexed to the realty which become part of it, or personalty which can be detached and removed. The expenditures were to be made during the first twelve months of the lease, approximately two years prior to trial. Assuming that these were permanent improvements, one could not ascertain with any degree of exactness their value two years later, based on evidence submitted.

We reject cross-appellant's argument that it was automatically damaged in the amount of $50,000 when Dobbs failed to show evidence of expenditures of $50,000 for the property. "Damages growing out of a breach of contract, in order to form the basis of a recovery, must be such as can be traced solely to the breach, must be capable of exact computation, must have arisen naturally and according to the usual course of things from such breach, and must be such as the parties contemplated as a probable result of the breach. [Cits.]" *Webster v. Purdy*, 166 Ga. App. 183, 184 (303 SE2d 521) (1983).

While the evidence showed a clear breach of contract, there was no proof to establish what loss the landlord sustained by the tenant's breach of Stipulation 7. The amount of damages was not proven with a reasonable degree of certainty. *Bryant*, supra.

4. Cross-appellant contends that the court erroneously refused to allow parol testimony to explain the intent of the parties with regard to Special Stipulation 7.

During Kaplan's direct examination he was asked by his counsel to "tell the court what [the stipulation] says." Dobbs objected on the basis that the contract speaks for itself and is the highest and best evidence. The objection was sustained as was a subsequent similar objection by Dobbs. Counsel for Titan neither objected to the court's rulings nor did he ask to make an offer of proof as to what Kaplan would have said had he been permitted to testify. "The general rule is that in order to obtain review of a ruling excluding evidence, it must be shown what answer would be expected of the witness." *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 152 (10) (269 SE2d 426) (1980).

An objection to the admission or exclusion of evidence must be specifically raised at trial in order to be heard on appeal. *Hudson Properties v. C & S Nat. Bank*, 168 Ga. App. 331, 332 (1) (308 SE2d 708) (1983). Because of his failure to interpose specific and timely objections, cross-appellant has waived appellate review of this enumerated error. *Sutphin v. McDaniel*, 157 Ga. App. 732 (1) (278 SE2d 490) (1981).

*Judgment affirmed with direction. Deen, P. J., and Pope, J., concur.*

Decided March 21, 1986.

*E. Lewis Hansen, Judith Inge Harris,* for appellant.
*C. Frederick Paynter, Jr., Jack W. Ward,* for appellee.