A92A1065. ZAPPA et al. v. AUTOMOTIVE PRECISION
MACHINERY, INC. et al.
(423 SE2d 286)

SOGNIER, Chief Judge.

Automotive Precision Machinery, Inc. (hereinafter "APM") filed a complaint against Joe M. Zappa, Jr., the proprietor of a business on adjoining property, seeking to enjoin Zappa from trespassing across a common boundary and engaging in "destructive and violent behavior" such as destroying portions of structures on APM's property with a blowtorch and obstructing drains so as to flood APM's property. APM later amended the complaint to seek compensatory damages for injury to real and personal property and punitive damages based on the intentional nature of Zappa's alleged tortious misconduct. Zappa answered, denying he engaged in such behavior. Thereafter, Zappa's wife, Myrtle, filed a pleading denominated "Interpleader" that included proposed counterclaims seeking the determination of the boundary line and damages for what appears to be alleged malicious use of process and loss of consortium. The trial court construed this pleading as a motion to intervene as a defendant and granted it, and the case proceeded to trial on both the main claim and the counterclaims. During the jury trial, James A. Ratteree, Sr. and James A. Ratteree, Jr., the principal shareholders of APM, were added as plaintiffs. The jury returned a verdict awarding $38,000 compensatory damages, $62,000 punitive damages, and $10,000 attorney fees to the plaintiffs. The jury found for the plaintiffs on the property line dispute and made no monetary award to the defendants on their counterclaims. The Zappas appeal.

1. Appellants first contend the trial court erred by denying their motion for summary judgment. This court cannot consider the contention because a denial of summary judgment becomes moot when the court reviews the evidence upon the trial of the case. *Brown Realty Assoc. v. Thomas,* 193 Ga. App. 847 (1) (389 SE2d 505) (1989).

2. Contrary to appellants' argument in their second enumeration of error, the doctrine of clean hands, OCGA § 23-1-10, applies only to equitable rights related directly to the cause of action. *Sparks v. Sparks,* 256 Ga. 788, 789 (2) (353 SE2d 508) (1987); accord *Morton v. Gardner,* 242 Ga. 852, 855 (252 SE2d 413) (1979). Although appellees' original claim was for injunctive relief, regardless of the boundary dis-

pute the monetary award appealed from was a judgment at law for compensatory and punitive damages flowing from appellant Joe Zappa's intentional and violent misconduct. Accordingly, the equitable principle has no application here. Id.

3. We find no merit in appellants' enumeration of error challenging the trial court's exclusion of evidence regarding the reason alleged by appellants for Joe Zappa's absence during the trial. Appellants did not ask for a continuance and do not argue that Joe's absence was for providential cause. See OCGA § 24-1-2. Rather, Joe elected not to attend and, since he was represented at trial by counsel, who was present, the reason for Joe's absence was irrelevant. *Bembry v. Pugh*, 186 Ga. App. 144 (366 SE2d 812) (1988).

Appellants' argument concerning the admissibility of similar evidence contained in Joe's answers to written interrogatories propounded by Myrtle is controlled adversely to them by this court's holding in *Carter v. Tatum*, 134 Ga. App. 345, 346-348 (1) (212 SE2d 439) (1975).

4. Appellants maintain the trial court's ruling permitting appellees to testify that appellant Joe Zappa had twice been held in contempt during the discovery phase of the litigation amounted to an expression of opinion prohibited by OCGA § 9-10-7. We cannot consider this contention because the transcript reveals that appellants' objection to this testimony was made on other grounds, and " '(o)n appeal only issues properly raised before the trial court will be considered. (Cits.)' [Cit.]" *Venture Design, Ltd. v. Original Appalachian Artworks*, 197 Ga. App. 432, 434 (3) (398 SE2d 781) (1990).

5. After APM rested its case, appellants moved to dismiss on the ground that the real property upon which the claimed trespass had been made was owned not by APM but by the individual appellees. APM then moved to reopen its case to add the individual appellees as plaintiffs. Appellants challenge the trial court's grant of appellee APM's motion, arguing they were unduly prejudiced by the trial court's ruling allowing joinder of the individual appellees as plaintiffs because their entire defense had been based on documents showing that the real property at issue was not owned by the corporate plaintiff. Given this evidence regarding the ownership of the real property, however, the individual appellees were indispensable parties pursuant to OCGA § 9-11-19 (a), and the proper remedy for failure to join an indispensable party is not dismissal, as urged by appellants, but joinder. *Guhl v. Tuggle*, 242 Ga. 412-414 (1) (249 SE2d 219) (1978). OCGA § 9-11-21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative *at any stage of the action* and on such terms as are just." (Emphasis supplied.) Accordingly, the trial court properly exercised its discretion to allow the joinder even after the plaintiff had rested.

6. We have reviewed appellants' remaining enumerations of error and find them utterly without merit.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 14, 1992 —
RECONSIDERATION DENIED SEPTEMBER 28, 1992.

*Thomas M. Stubbs, Jr.,* for appellants.
*Wallace & Moss, Howard P. Wallace,* for appellees.