A94A0350. MATTHEWS et al. v. DeKALB COUNTY HOSPITAL AUTHORITY.
(440 SE2d 743)

BLACKBURN, Judge.

Appellants appeal the trial court's order granting the motion for summary judgment of the defendant, DeKalb County Hospital Authority d/b/a DeKalb General Hospital (DeKalb General). Appellants' three enumerations of error assert essentially the same argument and were not argued separately in appellants' brief; therefore, they will be addressed together.

The underlying medical malpractice action arose out of the death of Mrs. Carolyn Matthews. On August 10, 1988, Mrs. Matthews arrived unassisted at the emergency room of DeKalb General at approximately 11:25 p.m. The triage nurse obtained Mrs. Matthews' vital signs, recorded her history, and made an assessment.

Mrs. Matthews' vital signs, although slightly elevated, were within normal limits and she indicated that she was not presently in pain. Mrs. Matthews stated that after eating, she had experienced a burning pain in her upper chest radiating to her right side that evening and on the previous evening. Mrs. Matthews told the triage nurse that after the pain subsided she needed to have a bowel movement. The triage nurse classified Mrs. Matthews as a category two patient, i.e., a non-life threatening condition. Mrs. Matthews was told that it would be a long wait as the emergency room was very busy.

The social services representative deposed that he spoke with Mrs. Matthews between six and eight times while she waited to be seen by a doctor. He stated that she was not in any distress while she waited. After Mrs. Matthews had waited approximately four-and-one-half hours, the social services representative explained that the doctor would see her next and that he had an examination room available for her. However, Mrs. Matthews stated that she had waited too long and that she was leaving. The social services representative deposed that he "pleaded" with Mrs. Matthews to stay. Mrs. Matthews stated that she would see her doctor in the morning and she left. Mrs. Matthews did not see her doctor the next day; instead, she went to work. Mrs. Matthews died on August 12, 1988.

1. In order to establish liability in a medical malpractice action, the plaintiff must establish three elements: "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." (Punctuation omitted.) *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 49 (424 SE2d 338) (1992). The trial court's determination that DeKalb General was entitled to summary judgment due to Mrs. Matthews' voluntary termination of any relationship between herself and the hospital attacks

the establishment of a duty and the proximate cause elements of plaintiff's action. "To recover damages in a tort action, a plaintiff must prove that the defendant's negligence was both the 'cause in fact' and the 'proximate cause' of the injury. The requirement of proximate cause constitutes a limit on legal liability; it is a 'policy decision . . . that, for a variety of reasons, e.g., intervening act, the defendant's conduct and the plaintiff's injury are too remote for the law to countenance recovery.' [Cit.]" *Atlanta Obstetrics &c. v. Coleman*, 260 Ga. 569 (398 SE2d 16) (1990). A court's determination of whether proximate cause exists, is appropriate in plain and undisputed cases. Id.

In the present case, appellants contend that DeKalb General was negligent in classifying Mrs. Matthews as a category two patient and in not treating her within the four-and-one-half hours she waited. However, Mrs. Matthews left the hospital at a time when the doctor was ready to see her, under her own power, and in no apparent distress. The next day, rather than seeing her personal doctor, Mrs. Matthews went to work. Mrs. Matthews' voluntary termination of her relationship with the emergency room personnel at DeKalb General effectively severed any causal relationship between DeKalb General's act of classifying Mrs. Matthews as a category two patient and her death.

2. We find this appeal to be without any arguable merit, and therefore assess against the appellants a penalty of $250 for prosecuting a frivolous appeal, to be imposed by the trial court on remittitur. Rule 26 (b) of the Rules of the Court of Appeals of Georgia; *Arnold v. Gwinnett County Bd. of Tax Assessors*, 207 Ga. App. 759, 760 (429 SE2d 146) (1993).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Bennett, Callahan & Schloegel, Michael T. Bennett, Robert L. Callahan III*, for appellants.

*Sullivan, Hall, Booth & Smith, Henry D. Green, Jr., David V. Johnson*, for appellee.