A94A1986. PETERS v. DAVIS.
(449 SE2d 624)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Anthony Eugene Peters appeals from the jury verdict in favor of appellee/defendant Angela D. Davis a/k/a Angela D. Nance, the judgment, and the trial court's denial of appellant's motion for new trial. This is a suit for damages. Appellant averred certain injuries arising from an automobile collision when appellee's car crossed the centerline striking appellant's on-coming vehicle. *Held*:

1. Appellant's enumeration that the trial court erred in denying a new trial based upon the ground of insufficiency of evidence to support the jury's verdict is without merit. "A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict." (Citations,

punctuation and emphasis omitted.) *Estfan v. Poole*, 193 Ga. App. 507, 509 (1) (c) (388 SE2d 373). "On appeal, this court must construe the evidence most strongly to support a verdict and judgment, [cit.] and every presumption and inference must be in favor thereof." *In the Interest of E. P. N.*, 193 Ga. App. 742, 747 (2) (388 SE2d 903). Further, it is not the function of an appellate court to weigh the evidence or to judge witness credibility (*Horney v. Lawrence*, 189 Ga. App. 376, 377 (3) (375 SE2d 629)); the jury resolves conflict in testimony and this court will not substitute its judgment for that of the jury. *Dade v. Dade*, 213 Ga. 533 (1) (100 SE2d 181). There exist some evidence from which the jury could have concluded appellant was not entitled to recover damages for pain and suffering as appellee's negligence was not the proximate cause of appellant's alleged injuries, or because they did not give any weight to appellant's evidence regarding pain and suffering. Compare *Purvis v. Toole*, 207 Ga. App. 189 (1) (427 SE2d 565).

2. Appellant also contends the trial court erred in denying him the right to make opening and concluding argument to the jury. During an in-chambers conference, appellee asserted the right to make opening and closing argument on the grounds that "defendant has admitted liability already" and "has admitted a prima facie case."

The parties have stipulated that, during an off-the-record discussion, appellant objected that appellee had admitted only liability, but had not admitted a prima facie case which includes causation and damage in addition to duty and breach. The trial court permitted appellee to make both opening and concluding argument; the jury returned a verdict for appellee/defendant.

Superior Court Rule 13.4 provides: "In civil actions, where the burden of proof rests with the plaintiff, the plaintiff is entitled to the opening and concluding arguments except that if the defendant introduces no evidence or admits a *prima facie* case, he shall be entitled to open and conclude." Compare OCGA § 51-11-1. A prima facie case is one "which has proceeded upon sufficient proof to that stage where it will support finding if evidence to contrary is disregarded" or "such as will prevail until contradicted and overcome by other evidence." Black's Law Dictionary (5th ed.). The term "admits a prima facie case" for purposes of Rule 13.4 is an admission by defendant of such a nature as to place the case in an evidentiary posture which supports a finding in favor of plaintiff unless said admission is contradicted and overcome by other evidence. Thus, defendant is entitled to open and conclude argument only if he *either* elects not to offer evidence or he admits a prima facie case; mere direct examination of defendant by his counsel when defendant has been called by plaintiff for cross examination does not constitute the offering of evidence for this purpose. See generally Ga. Prac. & Proc. (6th ed.), § 19-21.

Appellee/defendant offered some evidence in his behalf by reading a portion of the deposition testimony of a local sheriff. Moreover, prior to reading this testimony, appellee conceded on the record that, by doing so, "I would be calling a witness." Accordingly, unless appellee admitted the existence of a prima facie case, she was not entitled to open and conclude argument. Rule 13.4, supra.

" 'To state a cause of action for negligence in Georgia, it is necessary to establish the essential elements of duty, breach of that duty, and proximate causation, as well as damages, as a basis for liability for the injuries of another.' " *Samuelson v. Lord &c., Inc.*, 205 Ga. App. 568, 572 (2) (b) (423 SE2d 268); *Robertson v. MARTA*, 199 Ga. App. 681 (405 SE2d 745); see *Matthews v. DeKalb County Hosp. Auth.*, 211 Ga. App. 858 (1) (440 SE2d 743). A prima facie negligence case is one which supports findings for a claimant as to these elements.

"The right to open and conclude the argument in a case is an important right, and a refusal to accord it to the party entitled thereto is an error." Ga. Prac. & Proc., supra. Moreover, because it is such an important right, "the presumption is that the party to whom it has been improperly denied has been injured." *Phelps v. Thurman*, 74 Ga. 837 (a). Thus, as a general rule, the improper denial of the right to open and conclude "will work a reversal." *Chapman v. Atlanta &c. R.*, 74 Ga. 547 (a); *Hart v. State*, 88 Ga. App. 334 (2) (76 SE2d 561).

It appears clear from the totality of the record before us that in the case at bar it was appellee's intent, in addition to her mere concession of simple negligence, to concede a breach of an existing duty not to injure appellant and that said breach was the direct and proximate cause of certain injury (damages) to appellant. Appellee's concession of simple negligence in the pretrial order, coupled with the recitations in the pretrial order that the issue remaining for jury determination was that of "damages, if any" and that the type of damages sought were limited to general damages for pain and suffering and future pain and suffering, is consistent with an intent on the part of the parties that appellee was in fact admitting "liability" for the incident and, thus, was conceding the existence of a prima facie case for plaintiff within the meaning of Rule 13.4. Moreover, the record also is replete with instances where both appellee and the trial court made reference to appellee's admission of liability and appellant's acceptance of the benefits flowing to him from those remarks. Further, appellant elected to make no exceptions to the following portion of the trial court's charge: "In this case . . . the defendant has admitted that the automobile accident occurred as a result of her negligence. *She has admitted liability.*" (Emphasis supplied.) (Further, the charge of the trial court did not include any charge of either direct or

proximate cause or the necessity therefor.) By failing to take excep tion to this portion of the charges to the jury, appellant in effect ac quiesced in the trial court's prior tacit rulings that appellee had ad mitted liability and a prima facie case. See *State v. Pattee*, 201 Ga App. 690, 693 (411 SE2d 751); *Horan v. Pirkle*, 197 Ga. App. 151 (1 (397 SE2d 734). If appellant believed that a prima facie case had no been admitted by appellee, at least by the time the case was submit ted to the jury, he had the duty to assert his contrary contention o the record in a timely manner. " 'A party cannot during the trial ig nore what he thinks to be an injustice, taking his chance on favorable verdict, and complain later.' " *Bolden v. Carroll*, 239 Ga 188, 189 (1) (236 SE2d 270). Moreover, except for one brief instan where appellant apparently posed a timely objection in an off-the-re ord proceeding in protection of his own interests, he elected as a ma ter of trial tactics consistently to acquiesce in the trial court's declar tions that appellant had admitted liability and to reap the benefi accruing therefrom. One cannot complain of a ruling that his ow trial procedure and conduct procured or aided in causing. *West Nodvin*, 196 Ga. App. 825, 829 (3) (e) (397 SE2d 567); accord *Perr man v. Rosenbaum*, 205 Ga. App. 784, 790 (423 SE2d 673). Accor ingly, we find appellant's enumeration, as crafted, without merit.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

## ON MOTION FOR RECONSIDERATION.

Our holding is based on two separate grounds. First, after exam ining the record and transcript in its totality, we have concluded co trary to appellant's assertion that appellee did under the attenda circumstances admit a prima facie case. Secondly, assuming arguend the trial court had erred in concluding that appellee had admitted prima facie case and in instructing the jury that appellee had adm ted liability, appellant by his conduct and trial tactics ultimately a cepted the benefits flowing from this determination and acquiesced the ruling. Having aided in and accepted the benefits flowing from t alleged error appellant cannot now complain. *West v. Nodvin*, supr *Bolden v. Carroll*, supra. Appellant's contention that the trial cou erred in granting appellee/defendant the right to open and close arg ment is without merit for either or both of these reasons.

Appellant contends that he did object on the record to the tr court's ruling allowing appellee to open and close argument, and cit in support of that contention a certain page of the transcript. T only grounds for appellant's objection to the trial court's ruling a pearing in the cited portion of the record is appellant's contenti that solely by calling a witness appellee had lost the right to open ar close. This objection is without merit. As held in our opinion, app

e/defendant could introduce evidence in her behalf and yet retain he right to open and close by admitting, as in this case, a prima facie ase. Moreover, if counsel desires to preserve an objection upon a spe- ific point, the objection must be entered timely on the record upon hat specific ground. See *Norman v. State*, 197 Ga. App. 333, 334 (2) 398 SE2d 395).

Further, assuming arguendo appellant could adequately preserve n objection on other specific grounds merely by making it, as con- ded in appellant's motion for reconsideration and as shown by the ertified record, during an "off-the-record" discussion, such objection as subsequently waived and abandoned when appellant acquiesced nd accepted the benefits flowing from the trial court's determination hat appellee had admitted liability. In any event, the trial court did ot err as appellee, by admitting to a prima facie case, was entitled to pen and close.

*Motion for reconsideration denied.*

DECIDED OCTOBER 5, 1994 — RECONSIDERATION DENIED OCTOBER 19, 1994 —

*Ronald C. Goulart,* for appellant.
*Rice, Kreitzer & Winer, Steven W. Kreitzer,* for appellee.