A95A1253. DEPARTMENT OF TRANSPORTATION v. SHARPE
et al.
(486 SE2d 619)

BLACKBURN, Judge.

This is the third appearance of this condemnation case before this Court. See *Dept. of Transp. v. Sharpe*, 213 Ga. App. 549 (445 SE2d 343) (1994) and *Dept. of Transp. v. Sharpe*, 219 Ga. App. 466 (465 SE2d 695) (1995). The Department of Transportation (DOT) condemned 19.289 acres of wooded land containing limestone deposits, and the jury awarded $850,000 to the condemnees for the value of the affected land and consequential damages. See *Sharpe*, 219 Ga. App. 466.

In *Sharpe*, 219 Ga. App. 466, we reversed the jury's award, finding that the trial court improperly denied the DOT's motion to strike the testimony of the condemnees' experts. Although we criticized its wisdom, we were bound by our Supreme Court's ruling in *Patton v. Bank of LaFayette*, 124 Ga. 965, 974 (53 SE 664) (1906), and held that the DOT's failure to contemporaneously object to such testimony did not result in a waiver of its right to move to strike the testimony. *Sharpe*, 219 Ga. App. at 467 (1), n. 1. The Supreme Court granted certiorari and expressly overruled *Patton*. Accordingly, it reversed our decision and remanded the case for consideration of the DOT's remaining enumerations of error. *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (476 SE2d 722) (1996). The Supreme Court further held that the experts' testimony constituted secondary, not illegal, evidence, and that the DOT thus waived any objections to such testimony even under *Patton. Sharpe*, 267 Ga. at 270.

1. For the reasons set forth in the Supreme Court's opinion, the trial court did not err in denying the DOT's motion to strike the testimony of the condemnees' experts.

2. The DOT contends the court erred in responding to a jury question. During deliberations, the jury sent the judge a note reading as follows: "We request the dollar figures Mr. [Limb, one of the condemnees' experts] quoted for each of the following areas: (1) The 'take' area actually condemned. (2) The acreage to the north of the condemned area. (3) Any other areas of the Sharp[e] property allegedly damaged." Over the DOT's objection, the court responded by writing on the note: "1. Value of 'take' — $595,605.00. 2 & 3. Total of north acreage & buffer: $838,713.00." The DOT contends the court's response improperly emphasized the expert's testimony.

We agree that the court's method of responding to the jury's question was improper. In *Dept. of Transp. v. Benton*, 214 Ga. App. 221 (447 SE2d 159) (1994), we held that it was reversible error for the trial court to allow an expert's written calculations to be sent out with the jury. We held that "[a] written summary of a witness' testi-

mony is properly excluded from evidence in the jury room. Continuing witness evidence is unfair on its face; it is illegal and prejudicial per se, as it necessarily emphasizes what is written down at the expense of what is oral and is heard only from the witness stand." (Citation and punctuation omitted.) Id. at 223 (2).

Here, in addition to placing undue emphasis on the expert's testimony by allowing a written summary of it to go out with the jury, the judge's note also constituted his own characterization and summary of the expert's testimony. Generally, "it is error for the judge to state to the jury what a witness has testified, such a statement being in effect an expression of opinion as to what has been proved." *Nelson v. State*, 124 Ga. 8, 10 (52 SE 20) (1905). Furthermore, the judge's note unduly emphasized the ultimate conclusions reached by the expert while omitting the many assumptions upon which those conclusions were based. Accordingly, the court erred in responding to the jury's question as it did. As we cannot say that the error was harmless, the verdict must be reversed and the case remanded for a new trial. See *Benton*, supra. For purposes of retrial, we note that the court would have acted within its discretion if it had merely had the expert's testimony read back to the jury. See *Johns v. State*, 239 Ga. 681, 683 (2) (238 SE2d 372) (1977); *Dixie-Ohio Express v. Brackett*, 106 Ga. App. 862, 869 (3) (128 SE2d 642) (1962).

Although this ruling is sufficient to dispose of this appeal, we will consider the DOT's other enumerations of error as they could recur upon a retrial of this case.

3. The DOT contends the court erred in refusing to give a requested jury charge regarding speculative damages. The DOT requested that the court charge as follows: "I charge you that in your deliberations in determining compensation to be awarded the condemnee in this case, you are not authorized to, and should not, consider a vague, remote, imaginary, uncertain, contingent, sentimental or speculative item or contention of damage in this case." The court instead charged as follows: "In determining compensation to be awarded the condemnee in this case, you are not authorized to and should not consider remote or sentimental — or sentimental items in doing so."

The DOT contends the charge as given did not adequately advise the jury that it could not consider speculative items of damages. It contends the charge undercut its argument that evidence regarding possible future mining of limestone deposits on the property was too speculative for consideration, since the limestone in fact had never been mined.

The DOT cites *Benton*, supra, as authority for its speculativeness charge. However, *Benton* dealt with testimony regarding the value of raw land based upon the hypothetical future development of

the land as subdivision lots. *Benton*, 214 Ga. App. at 221-222. We have previously recognized that *"Benton* has no application to mineral deposit cases" such as this, where "the only relevant inquiry is the overall value of the property on the date of taking with the presence of the limestone deposits being taken into account." (Punctuation omitted.) *Gunn v. Dept. of Transp.*, 222 Ga. App. 684, 685 (1) (476 SE2d 46) (1996).

The DOT's argument is without merit. The fact that the property had not been mined for limestone does not render it speculative to consider the effect of the limestone, in its present unmined state, on the value of the property. Indeed, a jury is *required* to consider the presence of the limestone as a factor affecting the value of the property, notwithstanding the facts that it had not been mined previously and that there were no plans to mine it at the time of the taking. See *Gunn*, supra. Although a jury would not be authorized to make separate awards for the value of the surface property and the value of the limestone, "[t]he *fact* that [limestone] was present was a relevant factor to be considered in determining the overall value of the property." *Williams v. Mayor &c. of Carrollton*, 195 Ga. App. 590, 591 (2) (394 SE2d 389) (1990).

The DOT's proposed charge, in particular the portion advising the jury that it could not consider items of damage that are "uncertain," had the tendency to mislead the jury into believing that, since the property had not previously been mined for its limestone, the jury could not take the limestone into consideration in valuing the property. Indeed, that is the very position taken by the DOT. Accordingly, the court did not err in refusing to give such charge. See *Shilliday v. Dunaway*, 220 Ga. App. 406 (469 SE2d 485) (1996) (request to charge must embody correct, applicable and complete statement of law, legal and perfect in form, and must not have tendency to confuse and mislead the jury or becloud issues in case).

4. The DOT also contends the court erred in responding to a second jury question. The jury sent the court the following note: "Can the court compute a dollar amount based on the following data. 8 million tons[,] 20 cents per ton[,] 20% discount[,] 8 years[.] We do not have the expertise to run these numbers." The court responded by replaying a portion of the testimony of Robert Gerhart, an expert witness for the condemnees, explaining how to perform a present value calculation using similar variables.

The DOT's only objection to the court's response is that it unduly emphasized the expert's testimony by repeating it to the jury. The DOT contends that the court should merely have informed the jury that the evidence was closed and that they must rely on their memories. This contention is without merit. A trial court has discretion in replaying portions of testimony in response to jury questions, and its

discretion should not be controlled unless it is clearly shown to have been abused. See *Dixie-Ohio Express*, supra. Given the complexity of the mathematical formulation the jury sought to make, and of the testimony relating to such formulation, the judge clearly had discretion to replay the relevant testimony to enable the jury to make an informed decision. The DOT does not contend that the replayed testimony was not responsive to the jury's question. Furthermore, the court informed the jury that it should not give the testimony any more weight because of the fact that it was hearing it twice. Accordingly, this enumeration is without merit.

*Judgment reversed and remanded. Andrews, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 21, 1997 —
RECONSIDERATION DENIED MAY 6, 1997 — Before Judge McConnell.

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Sell & Melton, John A. Draughon, Michelle W. Johnson*, for appellant.

*Daniel, Lawson, Tuggle & Jerles, Tom W. Daniel, William R. Jerles, Jr.*, for appellees.