S97G1399. SHARPE et al. v. DEPARTMENT OF TRANSPORTATION.
(505 SE2d 473)

HUNSTEIN, Justice.

During the trial of this condemnation action, the jury heard testimony by two experts for the condemnees, Gerhardt and Limb, regarding the value of the property taken and the damage to the remaining property. In response to a question posed by the jury during deliberations, the trial court had a portion of Gerhardt's testimony replayed for the jury. In response to questions posed by the jury regarding Limb's testimony, the trial court wrote the monetary values to which Limb had testified on the paper with the questions submitted by the jury. The Court of Appeals held that although the trial court had correctly responded to the jury's questions about Gerhardt, *Dept. of Transp. v. Sharpe*, 226 Ga. App. 354 (4) (486 SE2d 619) (1997), it reversed the judgment on the basis that the trial court had violated the "continuing witness" rule in its written response to the jury's questions about Limb. We granted certiorari to consider the propriety of the Court of Appeals' continuing witness ruling and also whether DOT had properly preserved the matter on appeal. Because we find that DOT failed to object properly to the trial court's method of responding to the jury's questions regarding Limb's testimony, we do not reach the continuing witness issue.

The record reveals that after the jury's questions about Limb's

testimony were answered, the trial court had DOT state its objection on the record. Counsel stated that any response, other than to tell the jurors to use their collective memories, was error because it enhanced the witness' credibility and gave undue weight to his testimony. Although the rule against sending a writing that substitutes for testimony out with the jury during deliberations is based on the premise that it places undue emphasis on the testimony, see *Tibbs v. Tibbs*, 257 Ga. 370 (359 SE2d 674) (1987); Green, Georgia Law of Evidence (4th ed.), p. 177, § 87.1, counsel did not state any specific objection to the method used by the trial court to respond to the jury's questions. After counsel finished, the trial court then paraphrased DOT's objection with the statement, "your objection is to giving them the numbers, period, not the mode in which they were given." Although DOT's counsel answered, "no," the record reveals that counsel then stated, "we objected to answering the question either way, regardless of how it was answered. Whether the testimony would have been read by the Court Reporter . . . or . . . by actually writing in the answer to the question. . . . So what I'm saying is, regardless, the question should have been answered: You should use your collective memories." When the trial judge explained that he was "asking to make sure" that DOT was not making one objection now only to "piggyback" a subsequent objection "that, okay, if we don't win there, we object to you giving that total as opposed to reading the testimony back," counsel responded, "No, it's not, but we didn't agree to answer in any fashion."

The record thus reveals that when the trial court specifically inquired whether DOT objected to the trial court responding to the questions in writing rather than having the testimony replayed to the jury, DOT would not state that the method was objectionable in and of itself but instead limited its objection solely to the trial court's giving of any response of any nature to the questions. The record is clear that the trial court was aware of potential problems in giving a written response to the jury's questions and questioned counsel directly about that specific matter, but received only objections directed to the more general issue whether any response was proper.

It is the rule in Georgia that

> [o]bjections should be made with sufficient specificity for the trial court to identify the precise basis. It is not important in what format the allegation is cast so long as it is clear to the court the specific error alleged that [the court] may have the opportunity to correct them. [Cit.]

*Jackson v. Meadows*, 157 Ga. App. 569, 575 (7) (278 SE2d 8) (1981). Further, "objections to irregularities must ordinarily be made at a

time when they may be remedied, or they are waived. [Cit.]" *State v. Williamson*, 247 Ga. 685, 686 (279 SE2d 203) (1981). See also *Dobbs v. Titan Properties*, 178 Ga. App. 389 (4) (343 SE2d 419) (1986). "On appeal only issues properly raised before the trial court will be considered." *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 638 (1) (385 SE2d 746) (1989).

It is clear that the issue whether it is proper to respond to a jury's question is separate and distinct from the appropriateness of the form or method used to deliver that response. Just as a party's objection to the underlying admissibility of written evidence does not reach the issue of its going out with the jury, *Miller Distrib. Co. v. Rollins*, 163 Ga. App. 635, 636 (1) (295 SE2d 187) (1982), a party's objection to the decision to respond to a jury's question does not reach the issue of the form of that response. In this case, although DOT objected to any reiteration of Limb's testimony going out with the jury, its objection did not reach the specific issue of the method chosen by the trial court to submit the testimony to the jury. See *Peters v. Davis*, 214 Ga. App. 885, 889 (449 SE2d 624) (1994) ("to preserve an objection upon a specific point, the objection must be entered timely on the record upon that specific ground"). DOT objected to any information being provided in response to the jury's question (other than that the jurors must rely upon their collective memories) but did not object to the fact that the response itself was written.[1] Indeed, counsel for DOT failed on both occasions when the trial court requested a clear statement regarding DOT's position on the method of response, to articulate clearly and distinctly that the method chosen was objectionable, thereby aiding in the alleged error. "[A] party cannot complain of error that [its] own legal strategy, trial procedure, or conduct aided in causing. [Cit.]" *Delaney v. Lakeside Villa, Ltd.*, 210 Ga. App. 430 (2) (440 SE2d 668) (1993).

Because DOT's objection was insufficient to notify the trial court that DOT did not agree with the method used to respond to the questions and thus DOT deprived the trial court of the opportunity to correct the error, we find that DOT has waived any objection on appeal.[2] Accordingly, the merits of the issue were not properly before the

---

[1] Consistent with DOT's statements to the trial court, DOT would not have objected to a written response to the jury's questions had the response as written stated only that the jurors must rely on their collective memories.

[2] After the Court of Appeals issued its opinion, the trial court sua sponte ordered the record in this case to reflect: that the method used to answer the jury's questions was never an issue at trial; that DOT's counsel affirmatively requested, agreed and stipulated that if the court answered the questions, it should do so in the form of a note and not by having the expert testimony replayed to the jury; and that counsel was informed in chambers that the court would have the court reporter read or play back the requested testimony unless counsel for both parties requested or agreed to do otherwise. Although this Court granted condemnees' motion to supplement the record with the order, we need not consider it since the

Court of Appeals. We therefore need not reach the remaining question whether that court properly applied the "continuing witness" rule in this case.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., and Carley, J., who concur specially.*

CARLEY, Justice, concurring specially.

I agree with the majority that DOT did not object either "to the fact that the response . . . was written" (maj. op. at 103) or to the method used by the trial court to respond to the jury's questions. Furthermore, DOT did not object to the substance of the trial court's response. Instead, DOT "limited its objection solely to the trial court's giving of any response of any nature to the questions" of the jury. (Maj. op. at 102.) If DOT had raised an objection to the content of the trial court's response, it would have been reversible error, in my opinion, for the trial court to fail to change its response to the jury's inquiry, and this Court would be required to affirm the judgment of the Court of Appeals. However, because DOT objected only to the trial court's responding in any way to the jury's inquiry rather than to the specific form or content of the trial court's response, this Court correctly reverses the judgment of the Court of Appeals.

The Court of Appeals did not base its reversal of the trial court solely on the "continuing witness" rule. An additional basis was that "the judge's note also constituted his own characterization and summary of the expert's testimony." *Department of Transp. v. Sharpe*, 226 Ga. App. 354, 355 (2) (486 SE2d 619) (1997). In reversing on this additional ground, the Court of Appeals correctly relied on the long-established principle that " 'it is error for the judge to state to the jury what a witness has testified, such a statement being in effect an expression of opinion as to what has been proved.' [Cit.]" *Department of Transp. v. Sharpe*, supra. See also *Nelson v. State*, 124 Ga. 8, 10 (52 SE 20) (1905); *Suddeth v. State*, 112 Ga. 407, 409 (3) (37 SE 747) (1900); *Edwards v. State*, 4 Ga. App. 167, 171 (2) (60 SE 1033) (1908). Compare *Hathaway v. Bishop*, 214 Ga. App. 870 (1) (449 SE2d 318) (1994); *Miller v. Dean*, 113 Ga. App. 869, 870 (3) (150 SE2d 191) (1966); *Imperial Investment Co. v. Modernization Constr. Co.*, 96 Ga. App. 385 (2) (100 SE2d 107) (1957). The trial court's response was tantamount to an improper charge that, if the jurors believed Limb, they should award the amounts to which he had testified. See *Jarrett v. Arnold*, 30 Ga. 323 (1860). Accordingly, if, in fact, DOT had raised an objection to what was written in the response, the trial court should have "merely had the expert's testimony read back to the jury.

record as it existed before the Court of Appeals sufficiently reflected DOT's failure to object to responding in writing to the jury's question.

[Cits.]" *Department of Transp. v. Sharpe*, supra at 355 (2).

As the majority points out, however, DOT's objection was to the trial court's giving a response in any form, whether by reading Limb's testimony or by actually writing in the answer to the jury's question. DOT subsequently confirmed that its objection was not to the manner in which the trial court responded to the jury's inquiry, but to the making of any response at all. Thus, the transcript reveals that, in the trial court, DOT did not base its objection on and, thus, cannot now complain of, the asserted violation of either the "continuing witness" rule or the prohibition on a trial court's improper summary of a witness' testimony. *Zappa v. Automotive Precision Machinery*, 205 Ga. App. 584, 585 (4) (423 SE2d 286) (1992).

I am authorized to state that Presiding Justice Fletcher joins in this special concurrence.

DECIDED OCTOBER 5, 1998 —
RECONSIDERATION DENIED NOVEMBER 5, 1998.

*Daniel, Lawson, Tuggle & Jerles, Tom W. Daniel, William R. Jerles, Jr.,* for appellants.

*Thurbert E. Baker, Attorney General, George P. Shingler, Deputy Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, Sell & Melton, John A. Draughon, Tilman E. Self III,* for appellee.