18639

Louise TOOLE, Respondent, v. Ann SALTER, Appellant
(154 S. E. (2d) 434)

*Messrs. Henderson, Salley, Cushman & Bodenheimer,* of Aiken, *for appellant,*

*Henry Busbee, Esq.,* of Aiken, *for respondent,*

*Messrs. Henderson, Salley, Cushman & Bodenheimer,* of Aiken, *for appellant,* in reply,

April 28, 1967.

Moss, Chief Justice.

This is an action brought by Louise Toole, the respondent herein, against Ann Salter, the appellant herein, to recover damages for personal injuries and property damages sustained on August 30, 1964, as a result of a collision between a Ford Falcon automobile owned and being operated by the

respondent, and a parked Chevrolet automobile owned by the appellant.

The respondent alleges in her complaint that the collision occurred after dark on a highway known as Pine Log Road near the intersection of said highway with State Highway No. 421 in the Village of Warrenville, Aiken County, South Carolina. It was further alleged that the collision resulted from the negligence and carelessness on the part of the appellant in that she parked her automobile and allowed such to remain so parked unlighted in a residential zone, in the Village of Warrenville, in such manner as to block her lane of travel upon said road, as she was proceeding on the right side of the center of the road in a westerly direction, obeying traffic rules and regulations, meeting several cars traveling east at said point, with their headlights burning; and respondent was unable to see the appellant's parked automobile until too close to prevent the collision and her consequent injuries and damage. The appellant, by her answer, denied the material allegations of the complaint and set up the affirmative defense of contributory negligence and carelessness.

This case came on for trial before the Honorable James B. Morrison, Presiding Judge, and a jury. At the close of the evidence in behalf of the respondent, appellant made a motion for an involuntary nonsuit on the ground that there was no showing of any actionable negligence and carelessness on her part, it being contended that her car was parked in a legal manner and in a place where she had a right to park it. It was further contended that if there was any evidence of negligence and carelessness on the part of the appellant, then, as a matter of law, the respondent was guilty of contributory negligence and carelessness, which contributed as a proximate cause to her injuries and damage. The motion was refused on the ground that there was evidence that it was a dark night and there were no lights on the parked car of the appellant at the time of the collision, and such constituted a violation of Section 46-539 of the Code.

The appellant requested the trial judge to take judicial notice of the time of the setting of the sun on August 30, 1964, in the area where the collision occurred. In support of such request an almanac and a computation were tendered showing the time of the setting of the sun as being between 6:54 and 6:58 P. M. on said date. Counsel for the respondent objected and the trial judge refused to take judicial notice of the time of the setting of the sun on the ground that it was not relevant under the testimony.

At the close of all the testimony, the appellant made a motion for a directed verdict in her favor and such was based on the same ground as her motion for a nonsuit. This motion was refused. The jury returned a verdict in favor of the respondent for actual damages. The motion of the appellant for judgment *non obstante veredicto* and, in the alternative for a new trial, was likewise refused. This appeal followed.

The first question for determination is whether there was error on the part of the trial judge in refusing the motions of the appellant for a nonsuit, directed verdict and judgment *non obstante veredicto* upon the ground that the appellant was not guilty of negligence and, if it be concluded that she was, then the negligence of the respondent contributed as a proximate cause of her injuries.

It is well settled that negligence or contributory negligence must be determined by consideration of all the relevant surrounding circumstances. Ordinarily, contributory negligence is an issue for the jury and it rarely becomes a question of law for the court. Where, under all of the circumstances the evidence is susceptible of more than one reasonable inference as to whether a person is guilty of negligence or contributory negligence, the case must be submitted to the jury.

We briefly recite the evidence which required the trial judge to submit the issue of negligence on the part of the appellant and of contributory negligence on the part of the respondent to the jury. The evidence con-

sidered in the light most favorable to the respondent discloses that the appellant parked her automobile on her left side of Pine Log Road, a heavily traveled paved highway, unattended and unlighted on a dark night, and the said automobile was parked a sufficient distance away from the curb so as to cause it to protrude.into the traveled portion of said highway and such blocked or prevented the respondent, who was using said highway, from passing to the left of said car in safety while facing oncoming lighted automobiles. The testimony in behalf of the appellant shows that the collision of respondent's car with hers took place at a time when it was not necessary for her car to have lights thereon and when visibility was such that her parked car could be seen for a distance of at least 2/10 of a mile. There was also testimony that the parked car of the appellant was not more than eighteen inches from the curb of the street. The appellant charged the respondent with operating her automobile without maintaining a proper lookout and asserted that if she had used due care she could have avoided colliding with appellant's parked car.

We think, under the evidence heretofore briefly recited, that an issue of fact for jury determination was presented as to whether the appellant was guilty of negligence and the respondent guilty of contributory negligence. More than one reasonable inference could be drawn from the testimony upon these issues and this required the trial judge to submit such to the jury. It follows that the trial judge committed no error in refusing the motions of the appellant for a nonsuit, directed verdict and judgment *non obstante veredicto*.

One of the grounds of the motion for a new trial was that the trial judge erred in refusing to take judicial notice of the time of the sunset on the day of the accident when requested to do so by the appellant. .One of the issues under the pleadings and testimony was whether the appellant was guilty of conduct in violation of Section 46-539 of the Code. The pertinent part of that section is as follows:

"Whenever a vehicle is lawfully parked upon a street or highway during the hours between a half hour after sunset and a half hour before sunrise and in the event there is sufficient light to reveal any person or object within a distance of five hundred feet upon such street or highway, no lights need be displayed upon such parked vehicle. Whenever a vehicle is parked or stopped upon a roadway or shoulder adjacent thereto, whether attended or unattended, during the hours between a half hour after sunset and a half hour before sunrise and there is not sufficient light to reveal any person or object within a distance of five hundred feet upon such highway, such vehicle so parked or stopped shall be equipped with one or more lamps * * *."

· As hereinabove stated counsel for the appellant requested the court to take judicial notice; that the time of the setting of the sun on the day in question was between 6:54 and 6:58 P. M. No question arises in this case as to the correctness of that time. The only question arising is as to the relevancy of the time of the setting of the sun.

The exact time of the occurrence of the accident in this case is in dispute. There was testimony from which the jury could have determined that the accident occurred within thirty minutes after 6:54 or 6:58 P. M.

A highway patrolman testified that he arrived at the scene of the accident around 7:30 P. M. A deputy sheriff testified that he arrived at the scene prior to the time the highway patrolman arrived. The deputy sheriff further testified that the respondent had already been taken away from the scene at the time he arrived. There was testimony that the respondent was removed by an ambulance belonging to an ambulance service located about one mile or one and one-quarter miles away. Further testimony bearing on the time of the accident shows that it could have been as much as fifteen or twenty minutes after the accident happened before the highway patrolman arrived on the scene at, according to his testimony, 7:30 P. M.

There is also in dispute the question of darkness at the time of the accident; the testimony of the respondent tending to show that it was dark and the testimony of the appellant tending to show that it was not dark. There was testimony in behalf of the respondent tending to show that it was dark due to weather conditions and testimony in her behalf tending to show that it was dark because it was night.

When there is disputed evidence as to the actual time a collision takes place or as to the condition of darkness prevailing, it is usually held that a question for the jury is raised with regard to the time when lights must be displayed on parked motor vehicles in accordance with statutes, such as Section 46-539 of the Code, requiring lights to be displayed on parked motor vehicles within or at specified times. 21 A. L. R. (2d) 95. The time at which the appellant's automobile was parked at the scene of the accident on the day in question, together with the amount of light or darkness, was an issue on the question of whether or not Section 46-539 of the Code had been violated.

Any evidence that assists in getting at the truth of the issue is relevant and admissible, unless because of some legal rule it is incompetent. *Wimberly v. Sovereign Camp, W. O. W.,* 190 S. C. 158, 2 S. E. (2d) 532. In determining a dispute concerning the relevancy of proffered evidence, the question to be resolved is as to whether there is a logical or rational connection between the fact which is sought to be presented and a matter of fact which has been made an issue in the case. Relevancy is that quality of evidence which renders it properly applicable in determining the truth and falsity of matters in issue between the parties to a suit. All that is required to render evidence admissible is that the fact shown thereby legally tends to prove, or make more or less probable, some matter in issue and bear directly or indirectly thereon. *Ellison v. Simmons,* 238 S. C. 364, 120 S. E. (2d) 209.

The issue here was the question of whether the accident took place during the hours when Section 46-539 of the Code required lights to be displayed or

not displayed upon the parked vehicle of the appellant. The time of sunset on the day of the collision was relevant in view of the provisions of Section 46-539 of the Code. It follows that the trial judge was in error in holding that the time of sunset was not relevant. He should have taken judicial notice of the time of sunset on the day of the collision in view of the testimony as to the time of such collision.

In 29 Am. Jur. (2d) Evidence, Section 98, at page 130, we find the following:

"The time of the rising or setting of the sun or moon upon a particular day is a proper matter for the judicial cognizance of the court. Judicial notice extends to the duration of day and night at a particular place at a specific time, so as to enable the court to say that at a certain hour on a specific date it was or was not daylight."

To like effect is a statement contained in 31A C. J. S. Evidence § 100, at page 148.

In the case of *Fields v. Jackson*, 102 Ga. App. 117, 115 S. E. (2d) 877, it was held that the court will take judicial notice of the time of sunrise and sunset and it is unnecessary to introduce evidence of that fact but an almanac or other writing may be used for the purpose of refreshing the minds of the court and jury.

It is our conclusion that the trial judge committed prejudicial error in refusing to take judicial notice of the time of sunset at the place and on the day of the collision and in holding that such was not relevant to any issue in the case.

In view of our conclusion that a new trial must be granted, it becomes unnecessary to pass upon the other questions posed by the appellant.

The judgment of the lower court is reversed and this case remanded thereto for a new trial.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.