19940

Bonnie Faye Soles FOWLER, Appellant, v. LANEY TANK LINES, INC., Respondent

(211 S. E. (2d) 231)

*James P. Stevens, Esq.,* of Loris, *for Appellant,*

*Messrs. Belser, Belser & Barwick,* and *Mrs. Toal,* of Columbia, *for Respondent,*

January 13, 1975.

*Per Curiam:*

This action was brought to recover damages for personal injuries sustained by plaintiff in an explosion and fire at Fowler's Service Station in Horry County, South Carolina. The explosion and fire occurred while a truck of defendant was delivering gasoline to one or more underground storage tanks on the premises of the service station. The trial of the case resulted in a verdict for the defendant, from which plaintiff has prosecuted this appeal. She contends that a new trial should be ordered, among other grounds, because the trial judge erred in his alleged excessive examination of witnesses and comments on the evidence. Our conclusion that a new trial must be granted upon the foregoing ground renders it unnecessary to consider other issues raised.

During the trial of the case, the trial judge propounded questions, with occasional comments upon the testimony, in excess of three hundred times. Many of the questions and, in some instances, comments by the court concerned critical factual aspects of the case. We shall not attempt to catalog these questions and comments.

> We are certain that the able trial judge did not intend to improperly influence the course of the trial.
> However, the probabilities that such wholesale intrusion of the court into the examination of the witnesses and certain comments upon the evidence improperly influenced the jury's assessment of the evidence are so great as to require that a new trial be granted.

We do not by this decision impinge upon the sound and long established rule that "the trial judge, of course, has the right, in his discretion, and in a proper manner, to question witnesses during a trial, in order to elicit the truth." *Williams v. S. C. Farm Bureau Mutual Ins. Co.,* 251 S. C. 464, 163 S. E. (2d) 212. As stated in *Williams:* "This discretion will not be controlled except where it appears that the manner in which the judge exercised the right tended to unduly impress the jury with the importance of the testimony elicited, or would be likely to lead the jury to suppose that the judge was of the opinion that one party rather than the other was correct upon a particular issue of fact."

The defendant contends, however, that plaintiff failed to object during the trial to the questions and comments by the judge and that the failure to do so amounted to a waiver of the alleged error, relying upon the rule applied in *Parks v. Morris Homes Corporation,* 245 S. C. 461, 141 S. E. (2d) 129. Parks is not controlling here.

While objection was not specifically interposed in every instance, continuing objections to certain testimony were allowed without the necessity of repetition when similar questions were repeated. In one or more instances, objection was made to questions asked by the trial judge, with the objection being overruled and questioning continued by the court. In any event, the questions asked by the court amounted to a continuing examination of the witnesses throughout the trial with the cumulative result of probable prejudice. Some of the questions asked by the trial judge, standing alone, were not objectionable; others were. While we adhere to the rule applied in *Parks,* we do not think it proper, under the present facts, to fasten upon counsel the duty of determining at exactly what time in the trial the cumulative effect of the continued examination of witnesses by the court resulted in prejudice.

The cumulative effect was in some degree to direct the course of the examination of the witnesses and thereby em-

phasize certain lines of inquiry. A jury is very apt to give added significance to any question or comment by the trial judge. It is therefore most important that such questions or comments by the court be carefully guarded so that they will not have an unintended and prejudicial effect.

The judgment is accordingly reversed and the case remanded for a new trial.