## 37210. THE STATE v. WILLIAMSON.

GREGORY, Justice.

We granted certiorari to review the decision of the Court of Appeals reversing Williamson's conviction of simple battery. See *Williamson v. State,* 156 Ga. App. 856 (276 SE2d 60) (1980).

After the jury had been selected and sworn and the witnesses sequestered, but prior to the presentation of opening statements, the trial court instructed the jury as to the procedures that would be followed during the trial. During this orientation, the court informed the jury that should any of them be confused during the proceedings,

or have any questions of the witnesses or the court, then that juror should raise his hand. The court would, if the inquiry was proper, clear up the confusion or see that the witness answered the question. After the opening statements were made, the court took a twenty minute recess. After the resumption of the case, and during the presentation of the evidence, several jurors were in fact permitted to ask questions of witnesses. Defendant's attorney, however, made no objection either to the procedure or to any individual question until a motion for new trial was made subsequent to defendant's conviction.

The practice of permitting jurors to directly question witnesses is a dangerous one. Jurors are not schooled in the rules of evidence which govern the posing of questions in a trial and are likely to be personally offended if their questions are objected to. Even those jurisdictions which allow the practice urge that it be exercised with caution. *Stinson v. State,* 151 Ga. App. 533 (260 SE2d 407) (1979). In Georgia, the practice is not permitted. *Hall v. State,* 241 Ga. 252 (244 SE2d 833) (1978).

However, it is also the rule in Georgia, as elsewhere, that objections to irregularities must ordinarily be made at a time when they may be remedied, or they are waived. See *Morris v. State,* 200 Ga. 471 (1) (37 SE2d 345) (1946). A failure to object may be excusable in some cases. *Stinson,* supra, noted the untenable position in which an attorney is placed if he is forced to object to an improper question from a juror. In this case, the trial court expressed his intention to allow jurors to ask questions during the jury orientation prior to the presentation of any evidence and prior to any juror requesting permission to question a witness. This expression of intent was followed by a twenty minute recess, affording counsel the opportunity to object to the procedure outside the presence of the jury under circumstances which would preclude the jury's knowledge of his objection. The failure to object then, or at other times when opportunities existed to object outside the presence of the jury, as well as the failure to object to any specific question, virtually compels the conclusion that defendant's counsel approved the procedure.[1]

We hold that the defendant's procedural objections were not

---

[1] We are not here dealing with the type of right which must be personally waived by the defendant himself according to the standards of Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1938). Nor are we dealing with a constitutional right so fundamental that it may be raised for the first time on appeal. See *Simmons v. State,* 246 Ga. 390 (271 SE2d 468) (1980). Compare Estelle v. Williams, 425 U. S. 501 (96 SC 1691, 48 LE2d 126) (1976). Cf. Hill, *The Forfeiture of Constitutional Rights in Criminal Cases,* 78 Colum. L. Rev. 1050 (1978) and Westen, *Away From Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure,* 75 Mich. L. Rev. 1214 (1977).

timely made and reverse the decision of the Court of Appeals.

*Judgment reversed. All the Justices concur, except Clarke, J., who dissents and Smith, J., who is disqualified.*

DECIDED JUNE 16, 1981.

*Herbert A. Rivers, Solicitor, Robert F. Webb,* for appellant.

*Jean E. Johnson, Jr., F. Gentry Shelnutt, Jr., David Cook,* for appellee.