## 45013. MATCHETT v. THE STATE.
### (364 SE2d 565)

HUNT, Justice.

Benjamin F. Matchett was convicted by a jury and received a life sentence for the murder of his son, Tony Copeland, twenty years consecutive for each of two counts of aggravated assault, and twenty years consecutive for one count of aggravated assault on a police officer.[1] He argues that a new trial should have been granted because the verdict is strongly against the weight of the evidence, because the trial court allowed improper questioning of a witness by a juror and allowed the improper introduction of evidence of the defendant's character, and because the trial court refused to charge on self-defense.

The evidence, viewed in the light most favorable to the jury's verdict, showed that on the afternoon of January 23, 1987, the defendant, upset about his girl friend, visited the victim and the victim's girl friend at her home. During the course of the afternoon, the three engaged in the consumption of alcohol and the defendant eventually became drunk. The victim and his girl friend were attempting to take

---

[1] The shooting occurred on January 23, 1987 and the victim died on January 31, 1987. The defendant was indicted on March 12, 1987 and tried on May 6 and 7, 1987. His motion for new trial was filed on May 29, 1987 and denied on August 5, 1987. The transcript was certified on June 22, 1987. The defendant's notice of appeal was filed in the Lowndes County Superior Court on August 19, 1987. This appeal was docketed here on August 31, 1987 and submitted for decision without argument on October 16, 1987.

the defendant home when they encountered the girl friend's son, Paul Stewart, and Stewart's friend, Calvin Harris. The defendant got into an argument with Harris and fired a pistol in the direction of Stewart and Harris. When the victim attempted to stop the defendant from shooting again, the defendant said, "I'll kill you," fired point-blank into the victim's head, and went home. Thereafter, the defendant aimed his pistol at the investigating officer who had come to his home, but later surrendered the pistol to the officer. The medical and ballistics evidence indicated the victim died several days later from a bullet to his head fired by the defendant's gun. The defendant testified that he fired at Paul Stewart and Calvin Harris when the two threatened him, approaching him with their hands in their pockets, and that his gun discharged accidentally, injuring the victim as he attempted to hand the gun to the victim.

1. We find the above evidence sufficient to support the conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court erred by denying his motion for mistrial made after a juror asked a question of a state's witness. At the conclusion of the state's redirect examination of the witness, the juror informed the court that he wanted to know how much alcohol was consumed by the parties on the day of the murder. The prosecutor, with the consent of the trial court, then reopened her redirect examination of the witness, questioning her about the amount of alcohol consumed. At the conclusion of the state's second redirect examination, the juror then asked the witness, "How much time elapsed between the time Mr. Matchett first — she first saw Mr. Matchett at the time of the shooting? That would be the question that I would like answered." The witness responded, "Well, he came to the house about . . . " at which time the jury was excused at the defendant's request, and the defendant moved for a mistrial. The trial court denied the defendant's motion but sustained his objection to the juror's question, instructed the jury to disregard the witness' partial answer to that question and to submit any questions they might wish to have answered to the trial court in writing at the conclusion of the witness' testimony.

While juror questioning is encouraged by some courts, see generally Annot., 31 ALR 3rd 872 (1970), direct questions from a juror to a witness are generally not permitted in this state. *State v. Williamson*, 247 Ga. 685, 686 (279 SE2d 203) (1981); *Hall v. State*, 241 Ga. 252, 256 (4) (244 SE2d 833) (1978). The defendant's failure to object to the juror's first question amounts to a waiver. *State v. Williamson*, supra. With regard to the juror's second question, we find nothing in the brief and incomplete response which was elicited which might have improperly influenced the jury's verdict or prejudiced the de-

fendant. The trial court properly instructed the jury as to the appropriate form of asking questions, and the refusal to grant a mistrial was not error.

3. The defendant contends the state impermissibly introduced his character by asking the defendant's girl friend, Stephanie Brown, whether the defendant was a jealous man, by asking the defendant if Stephanie Brown was his girl friend, and not his wife as the defendant had testified, and by questioning the defendant about various firearms he had owned other than the one used to kill the victim. These questions did not improperly introduce the defendant's character. *Johnson v. State,* 257 Ga. 731 (363 SE2d 540) (1988); *Jones v. State,* 257 Ga. 753 (363 SE2d 529) (1988); *Williams v. State,* 257 Ga. 761 (363 SE2d 535) (1988); *Frazier v. State,* 257 Ga. 690 (362 SE2d 351) (1987). Moreover, the defendant has shown no harm, and we find no indication that he might have been harmed, by the responses given. Stephanie Brown testified that the witness was not jealous; prior to the defendant's testimony, there was testimony that he and Stephanie Brown were not married; finally, after the defendant's objection to the questions about his ownership of firearms, the state abandoned that line of questioning. We find no merit to this enumeration.

4. The defendant argues that the trial court erred by refusing to give his charge related to resistance to assault in support of that theory of his defense against the charges of aggravated assault upon both Stewart and Harris. However, under no construction of the evidence, the defendant's version included, would the use of deadly force have been justified. Since a charge on self-defense was not warranted by the evidence, the trial court did not err by refusing to give the charge requested by defendant. *Jolley v. State,* 254 Ga. 624, 627 (3) (331 SE2d 516) (1985).

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs in the judgment only as to Division 3.*

DECIDED FEBRUARY 5, 1988.

*Coleman, Kitchens, Wolfson & Smith, Robert D. Cullifer,* for appellant.

*H. Lamar Cole, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.