1896

Jack Theodore DAY, Respondent v. Challis L. KILGORE, d/b/a Kilgore's Auto Service, Richard Paul Mahar, and Angela M. Manning, of whom Angela M. Manning and Richard Paul Mahar are, Appellants. Appeal of Angela M. MANNING and Richard Paul Mahar.

(427 S.E. (2d) 683)

Court of Appeals

*Randell C. Stoney, Jr.* and *Stephen P. Groves,* both of *Young, Clement, Rivers & Tisdale; Robert H. Hood* and *G. Mark Phillips, Hood Law Firm,* Charleston, *for appellants.*

*Reese I. Joye, Jr., Johnny F. Driggers* and *Mark C. Joye, Joye Law Firm,* N. Charleston, *for respondent.*

Heard Sept. 15, 1992; Decided Nov. 16, 1992.

Reh. Den. April 1, 1993.

GARDNER, Judge:

This is a negligence action arising out of an automobile wreck. Jack Theodore Day (Day) sued Angela Manning (Manning) and Richard Mahar (Mahar). The jury awarded a verdict to Day. We reverse and remand.

## ISSUE
The sole issue of merit is whether the trial judge abused his discretion in permitting the jury to submit written and verbal questions to a witness, the party's legal counsel and to the trial judge.

## FACTS
This case arises from a multicar wreck on December 2, 1988. All cars were traveling in the same direction. Day stopped and Manning ran into the back of Mahar, who ran into the back of Day. Day sued Mahar and Manning, alleging their negligence proximately caused his injuries. After a two day trial, the jury found for Day and awarded him $12,000 actual damages.

During the trial, a juror asked the trial judge if he might ask a question. The trial judge stated that he would allow questions from the jury if they were in writing and proper.

## DISCUSSION

We hold that in this case the trial judge erred in (1) permitting the jury to go beyond the questioning of witnesses and, in effect, to begin a discovery proceeding by asking the trial judge to inquire whether a photograph of the front end of Day's car were available, and (2) failing to control the questioning by the jury so that premature deliberation would be avoided.

The reader is referred to the case of *State v. Barrett*, 278 S.C. 414, 297 S.E. (2d) 794 (1982), *cert. denied*, 460 U.S. 1045, 103 S.Ct. 1445, 75 L.Ed. (2d) 800 (1983). There our Supreme Court fully discussed the delicate issue of permitting jurors to ask questions of witnesses during the trial of a case. The pros and cons of the issue were addressed by the Court. We interpret *Barrett* as concluding that although the dangers incident to jury interrogations are substantial, while the benefits are often inconsequential, the practice may be allowed subject to the sound discretion of the trial judge in dealing with the admissibility of each question propounded by the jury. This is consistent with the long-standing rule in South Carolina that the admission of evidence is largely within the trial judge's discretion.[1]

There is an interesting annotation contained in 80 A.L.R. Fed. 892 (1986) which is consistent with the holding of our Supreme Court in *Barrett*. Robin C. Larner, Annotation, *Jurors Questioning Witnesses in Federal Court*, 80 A.L.R. Fed. 892 (1986). In that annotation, the author noted that the Federal Courts, considering the propriety of juror questions, have concluded that it is a matter within the discretion of the trial judge, and the issue of whether juror questioning is proper is resolved by an examination of the trial court's exercise of discretion and whether that broad discretion has been abused. *Id.* at 893-94. The author noted it had been held that, in consideration of the danger inherent in juror questioning, the discretion permitting it should be exercised only in compelling circumstances. *Id.*

---

[1] *Woody v. S.C. Power Co.*, 202 S.C. 73, 24 S.E. (2d) 121 (1943).

This case presents an additional concern. It involves the requirement that the trial judge retain control of the trial of the case.[2] The trial judge has the inherent power and, we hold, is required to control the conduct of a trial so that the deliberation of the jury is only begun after each party has presented his/her case and the jury is instructed to begin its deliberation. It is, we hold, incumbent upon the trial judge to so control the juror questioning as to confine the jury to its function as a judge of the facts. The presentation of a case and documentary evidence must be reserved to the lawyers who advocate the positions taken by their clients.

In the case before us, the jury posed the question of whether there were photographs of the front of Day's car. In response to this question, Day's attorney handed up the pictures even though the witness had been fully examined by direct, redirect and recross-examinations. We hold that it was an abuse of discretion to permit this request for two reasons. First, the question amounts to an inquiry about available exhibits. Second, the granting of this request suggests that the jury has the right to participate in the presentation of evidence. The record reflects that the objection made by Mahar's[3] attorney was this:

MR. PHILLIPS: I have a very definite objection to the court . . . entertaining questions from the jurors as we're in trial. Two reasons: one is, the court entertained a pretty innocuous question early on. They asked what my client's name was. Of course, you told him Mr. Mahar. I don't have any problem with that. . . . But our engaging in sort of a question and answer session with the jury, which is not supposed to begin deliberations until after all the evidence is in . . . and after . . . you give your charge. . . . I'm just afraid . . . that this could—that it takes a chance on tainting that process or compromising that process. And my second objection, Your Honor, and this is I think very relevant is, that these questions will change the way lawyers try the lawsuit. I mean, it's letting the jury dic-

[2]For authority that the trial judge has the inherent power to control the trial of a case, see Williams v. Bordon's Inc., 274 S.C. 275, 262 S.E. (2d) 881 (1980).

[3]Manning's attorney later joined in the objection.

tate how we try the suit, and not letting us try the suit the way we think is best.

Our Supreme Court in *Barrett* and our other reading on this subject reflect the concern that by allowing juror questioning, there is an inherent danger that the Court might lose control of the trial. This Court observes that the control of a party's presentation of evidence while presenting his case in chief should be reserved to that party. In the normal course of events, the party's adversary has exercised his broad powers of discovery including depositions and requests for production of documents. The party's adversary, on cross-examination, is permitted to cross-examine the party relative to any document produced by discovery. In this case, over the objection of Mahar's and Manning's attorneys, the jury was permitted to make discovery, and in effect, introduce documentary evidence. The pictures in this case had not been presented by Day and the record reflects there had been no agreement in the pretrial hearing to introduce this document. We hold that the jury, during the trial of a case, should not be permitted to go on a fishing expedition and ultimately, in effect, present evidence. We hold that this is inherently prejudicial. We further hold that the question itself indicates that the jury had begun deliberation before hearing the evidence. For these reasons, we hold that it was an abuse of the trial judge's discretion to permit the questioning to go as far as it did.

## CONCLUSION

We hold that in this case the trial judge abused his discretion in allowing the questioning by the jury to proceed to the point of requesting and obtaining the production of documents. We hold that this procedure has the potential of permitting the jury to take over the trial of the case which should be reserved to the trial judge and attorneys who are trained in the law and our trial procedure. For these reasons, the judgment below is reversed and the case is remanded for a trial *de novo*.

Reversed and remanded.

BELL and CURETON, JJ., concur.