24072

Jack Theodore DAY, Petitioner v. Challis L. KILGORE, d/b/a/ Kilgore's Auto Service, Richard Paul Mahar, and Angela M. Manning, Defendants, of whom Angela M. Manning and Richard Paul Mahar, Respondents.

(444 S.E. (2d) 515)

Supreme Court

366

*Reese I. Joye, Jr.* and *Mark C. Joye,* both of the *Joye Law Firm,* North Charleston, *for petitioner.*

*Randell C. Stoney, Jr.* and *Stephen P. Groves,* both of *Young, Clement, Rivers & Tisdale,* and *Robert H. Hood* and *G. Mark Phillips,* both of the *Hood Law Firm,* Charleston, *for respondents.*

Heard March 2, 1994.

Decided May 23, 1994.

TOAL, Justice:

We granted certiorari to review the opinion of the Court of Appeals in *Day v. Kilgore,* — S.C. —, 427 S.E. (2d) 683 (Ct. App. 1992). We affirm.

## FACTS

This is a "chain reaction" automobile accident. Day sustained physical injuries when his automobile was hit from the rear by an automobile driven by Paul Mahar and owned by Kilgore's Auto Services. The automobile driven by Paul Mahar was pushed into Day by an automobile driven by Angela Manning.

The defendants' insurers paid property damage to Day's automobile prior to trial. The only issues to be decided at trial

were whether the defendants were liable for Day's physical injuries, and if so, in what amount. The jury found in favor of Day and awarded $12,000 in actual damages.

During the trial, the trial judge allowed the jury to ask Day questions while he was on the witness stand. Among the questions asked by one of the jurors was a request for a photograph of the front of Day's automobile. At the time of the request, Day was under re-cross examination from one of the defendant's attorneys. The requested photograph had not been previously entered into evidence.

Over the objections of defendants' counsel, the trial judge allowed Day's counsel to interrupt the re-cross-examination of Day to lay a foundation for the requested photograph and enter it into evidence. The defendants appealed.

Following our prior decision in *State v. Barrett*, 278 S.C. 414, 297 S.E. (2d) 794 (1982) *cert. denied* 460 U.S. 1045, 103 S.Ct. 1445, 75 L.Ed. (2d) 800 (1983), the Court of Appeals held that whether to allow jurors to ask questions is within the discretion of the trial judge, but here there was an abuse of discretion. *Day v. Kilgore,* — S.C. —, 427 S.E. (2d) 683 (Ct. App. 1992). Thus, the Court of Appeals reversed the trial judge remanding for a new trial. We granted certiorari. We overrule *State v. Barrett*, 278 S.C. 414, 297 S.E. (2d) 794 (1982) *cert. denied* 460 U.S. 1045, 103 S.Ct. 1445, 75 L.Ed. (2d) 800 (1983) to the extent it conflicts with this opinion. We affirm the result reached by the Court of Appeals for the reasons set forth herein.

## LAW/ANALYSIS

The majority of jurisdictions hold that whether to allow questions by the jury is within the sound discretion of the trial judge. *See* Note, *Breaking the Silence: Should Jurors Be Allowed To Question Witnesses During Trial?*, 44 Vand. L. Rev. 117 (1991); *Contra Morrison v. State,* 845 S.W. (2d) 882 (Tex. 1992); *State v. Williamson,* 247 Ga. 685, 279 S.E. (2d) 203 (1981). In *State v. Barrett,* 278 S.C. 414, 297 S.E. (2d) 794 (1982) cert. denied 460 U.S. 1045, 103 S.Ct. 1445, 75 L.Ed. (2d) 800 (1983), this Court held that the procedure was within the trial judge's discretion. We recognized in *Barrett*, however, that there were few benefits and great dangers in allowing jurors to question the witnesses.

One of the most dangerous aspects of allowing juror questions is that a juror may lose his impartiality in the fact-finding process by active participation in the trial itself. *See Morrison v. State,* 845 S.W. (2d) 882 (Tex. 1992). Every litigant, both civil and criminal, is entitled to an impartial, neutral finder of fact. *Offutt v. United States,* 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11 (1954). Active participation in the trial by the jury not only tends to remove the jury from their proper role of ultimate finders of fact through passive listening but also encourages premature deliberations. *Morrison v. State,* 845 S.W. (2d) 882 (Tex. 1992).

Another danger which arose in this case is that questions from a jury, untrained in the rules of evidence, may be improper or may solicit information that is either irrelevant or outside of the evidence presented. Here the jury requested a photograph which was not entered into evidence on direct examination of the witness, cross-examination, re-direct or re-cross. The trial judge then allowed counsel for the plaintiff, over defendants' objection, to lay a foundation and enter the photograph into evidence.

"The adversary theory as it has prevailed for the past 200 years maintains that the devotion of the participants, judge, juror and advocate, each to a single function, leads to the fairest and most efficient resolution of the dispute." *Morrison* at 885. The production of evidence is a function of the advocate and not the judge or jury. Where, as here, the roles of advocate, judge or jury become intermingled, the fundamental basis of our adversarial system is undermined. *See Id.*

When either the judge or the jury departs from their assigned roles, the lawyer is confronted with the dilemma of whether to object and risk alienating the judge or jury, or remain silent and risk waiving the issue for appeal purposes. *Morrison v. State,* 845 S.W. (2d) 882 (Tex. 1992). Further, the appellate courts are then faced with the insurmountable task of determining what if any effect the departure from normal adversarial procedure had on the fact-finding process at trial.

Confronted with a barrage of appeals where the jury departed from its normal role of passive listeners, the Texas Supreme Court issued an absolute prohibition on the procedure. *Id.* The majority in *Morrison* believed that allowing jurors to question witnesses so undermined the adversarial sys-

tem as to constitute reversible error *per se*. In issuing its prohibition against jury questions to witnesses, the *Morrison* majority rejected Justice Campbell's suggestion as to a trial procedure to follow when presented with questions from the jury during trial.

We decline to follow the Texas lead. While many jurisdictions discourage the procedure, only Texas and Georgia prohibit juror questions to a witness. *See* Note, *Breaking the Silence: Should Jurors Be Allowed To Question Witnesses During Trial?*, 44 Vand. L. Rev. 117 (1991); *see also Morrison v. State*, 845 S.W. (2d) 882 (Tex. 1992); *State v. Williamson*, 247 Ga. 685, 279 S.E. (2d) 203 (1981). We agree with those jurisdictions which discourage juror questions but we decline to find it reversible error *per se*. *See DeBenedetto by DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F. (2d) 512 (4th Cir. 1985).

While the trial judge retains discretionary power in South Carolina to allow or disallow questions from the jury, we think the standard in determining an abuse of discretion should be more strenuous than our prior decision in *Barrett* indicates. Although distinguishable, juror questioning and questioning of a witness by the trial judge are closely related. *See DeBenedetto by DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F. (2d) 512 (4th Cir. 1985). In questioning witnesses,

> [t]he trial judge, of course, has the right, in his discretion, and in a proper manner, to question witnesses during a trial, in order to elicit the truth. . . . "This discretion will not be controlled except where it appears that the manner in which the judge exercised the right tended to unduly impress the jury with the importance of the testimony elicited, or would be likely to lead the jury to suppose that the judge was of the opinion that one party rather than the other was correct upon a particular issue of fact."

*Fowler v. Laney Tank Lines, Inc.*, 263 S.C. 422, 425, 211 S.E. (2d) 231, 232 (1975) (*citing Williams v. S.C. Farm Bureau Mutual Inc. Co.*, 251 S.C. 464, 163 S.E. (2d) (1968)). In exercising discretion to question a witness, the trial judge must do so in an impartial manner that does not indicate the trial judge's opinion as to any fact or "have an unintended prejudicial effect." *Id.* at 426, 211 S.E. (2d) at 232. Most recently, we have

reaffirmed the trial judge's ability to call court's witnesses in a death penalty case. *Riddle v. State*, — S.C. —, 443 S.E. (2d) 557 (1994). In so doing, we reiterated the factors the trial judge must find as a prerequisite to calling a court's witness. *Id.* at —, 443 S.E. (2d) at 561 (*citing State v. Anderson*, 304 S.C. 551, 406 S.E. (2d) 152 (1991)). We have, thus, restricted the trial judge's power to enter the realm generally reserved for the advocate. Limits on the jury's ability to depart from their normal role of passive finders of fact is even more crucial. Unlike the trial judge, the jury is not trained in principles of law nor is the jury's role in the trial as expansive as that of the trial judge.

We believe that procedures are necessary to insure that "the fundamental values of our adversary system are [not] compromised." *Morrison* at 904 (Benavides, Judge, dissenting). Accordingly, we adopt the following procedure for use by the trial judge when confronted with juror questions. When a juror wishes to ask a question of the witness, the trial judge shall immediately send the jury to the jury room with instructions not to begin deliberations. The question shall be written on a piece of paper and given to the jury foreman who shall in turn deliver the question to the bailiff. The bailiff shall deliver the question to the trial judge. The trial judge shall then read the question on the record, outside the presence of the jury. The trial judge will then entertain any objections to the question from either counsel. The trial judge shall, consistent with our general law, make a ruling on whether the question from the jury is relevant and competent. *See Hofer v. St. Clair*, 298 S.C. 503, 381 S.E. (2d) 736 (1989); *see also Toole v. Salter*, 249 S.C. 354, 154 S.E. (2d) 434 (1967). Of course, if the question is improper, the trial judge will not allow the question. If, however, the question is proper, the trial judge must independently review the question and make a determination of whether the question may lead the jury out of their normal role of passive finders of fact and into the role of advocate. Ultimately, it is the trial judge who possesses the power and the responsibility to maintain the adversarial system during trial. We believe this method will effectively eliminate the dangers inherent in allowing the jury to question witnesses while maintaining the trial judge's discretionary powers over the evidentiary process at trial.

We also believe that strict adherence to the procedure outlined above is required to protect the integrity of the fact-finding process. The case at bar underscores the difficulty faced by appellate courts in measuring the effect of juror questions on the verdict when the juror questions were clearly improper and uncontrolled. Because of the inherent dangers in allowing jury questions, we hold that an abuse of discretion occurs when the procedures outlined above are not strictly adhered to by the trial judge.

We agree with the Court of Appeals that here the trial judge abused his discretion in allowing the jurors to request photographs which were not previously entered into evidence. Thus, we AFFIRM the decision of the Court of Appeals in *Day v. Kilgore*, — S.C. —, 427 S.E. (2d) 683 (Ct. App. 1992) for the reasons set forth herein.

CHANDLER, Acting C.J., KINNEY and MOORE, JJ., and WALTER J. BRISTOW, Jr., Acting Associate Justice, concur.