A03A0867. WATSON v. THE STATE.
(589 SE2d 867)

BARNES, Judge.

Following the denial of her motion for new trial and petition to modify sentence, Renetta Watson appeals her forgery in the first degree jury conviction and five-year sentence.[1] Watson challenges the sufficiency of the evidence and also asserts that the trial court erred in allowing the direct questioning of a witness by a juror. She further complains that it was error for the State to try her by accusation rather than indictment. Upon review and finding no error, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citation and punctuation omitted.) *Kovacs v. State,* 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Construed in the light most favorable to the verdict, the evidence presented at trial shows that on January 25, 2001, Watson went to a check cashing store and gave the store manager a check made out to her for $621.06. The check was issued by Lincare, Inc. on

---

[1] Watson was sentenced to serve six months in prison with the remaining four years and six months probated.

a Bank of America account. The manager testified that she was suspicious because the check was made with paper that was sold at Office Depot and often used to make forged checks. The manager could not verify the business address and asked Watson for the business telephone number. When she called the number, a man answered and gave her another company's name. She called back and he gave her the correct company name and told her it was okay to cash the check. The manager called Bank of America and found that the check was no good. Simultaneously, Watson's companion attempted to cash a check issued by Hartsfield International Airport on a SunTrust account. The store employee said that she could tell immediately that the check "wasn't good." The telephone number on the check was the same number on Watson's check, but when the employee called the number a woman answered and said that she did not have a company. Both employees testified that the women appeared very nervous.

At trial, the manager of the Newnan Lincare center testified that Lincare, Inc. is a home respiratory care company and that Watson did not work for the company. She compared Watson's check to a genuine Lincare payroll check and said that the address on Watson's check was incorrect, the check was not signed by the company's comptroller, the Lincare logo was not on the check, and Watson's check was not drawn on Lincare's bank. She also testified that she had never heard of the woman Watson said she worked for at Lincare.

By statutory definition,

A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.

OCGA § 16-9-1 (a). See *McBride v. State*, 202 Ga. App. 556, 557 (415 SE2d 13) (1992). Thus, an intent to defraud, coupled with the possession of an altered writing and delivery thereof, is sufficient to prove forgery in the first degree. *Heard v. State*, 181 Ga. App. 803 (2) (354 SE2d 11) (1987). We conclude that the evidence presented above was sufficient to authorize a rational trier of fact to find Watson guilty under the standard of *Jackson v. Virginia*, supra.

2. Watson also argues that the trial court erred in allowing a juror to ask a State's witness a question. After the store manager finished her testimony, the trial court told her she was excused, but a

juror interrupted before she left the stand, and the following exchange occurred:

> Juror: I'm sorry. I hope this isn't out of order. I was confused about a portion of the testimony there.
> Court: All right. Ms. Molina, would you just stay with us just a minute?
> Juror: I'm sorry. I didn't know when was the proper time to speak up.
> Court. Okay. Do you have a question you would like answered?
> Juror: I do. I thought earlier in the testimony she was saying that the photographs, what prompted a photograph was them entering certain data in the computer and then later it sounded like everyone was photographed. I just wanted a clarification on that.
> Court: Ms. Molina, would you have a seat here and I will answer that question.
> Witness: Can you repeat that for me again?
> Juror: Earlier in the testimony, is everybody photographed when they come to the camera or are photographs taken only when you enter information in the computer.
> Witness: The first time.
> Juror: Everybody is photographed?
> Witness: Yes. Everybody the first time I need to put in all of their information in the computer.
> Juror: Okay.
> Court: Okay. Thank you.

In Georgia, jurors may not directly question witnesses. *Matchett v. State*, 257 Ga. 785, 786 (2) (364 SE2d 565) (1988). But, following the above-mentioned exchange, Watson merely thanked the court and proceeded forward without objection to the question, and "[a] ground not raised by objection at trial cannot be raised for the first time on appeal." *Williams v. State*, 178 Ga. App. 216, 217 (2) (342 SE2d 703) (1986); see *State v. Williamson*, 247 Ga. 685, 686 (279 SE2d 203) (1981). We have recognized that while "an attorney may hesitate to object for fear of intimidating or offending the juror, at the same time[,] it is his duty to insure that his client receives a fair trial." *Stinson v. State*, 151 Ga. App. 533, 536-537 (1) (260 SE2d 407) (1979).

Even if this issue were not waived, we cannot agree with Watson that this error mandates reversal. Harm as well as error must be affirmatively shown by the record to obtain reversal. *Nunez v. State*, 258 Ga. App. 860, 862 (1) (575 SE2d 735) (2002). While Watson has

shown error, she does not show how the juror's question and the resulting testimony resulted in harm to her. Further, upon our review, we find nothing in the exchange, which simply clarified a point made earlier during testimony, that might have "improperly influenced the jury's verdict or prejudiced the defendant." *Matchett v. State*, supra at 786-787 (2).

3. Relying on OCGA § 17-7-70.1, Watson asserts that the trial court lacked jurisdiction to proceed with a trial based upon the accusation because she did not waive her right to indictment by a grand jury. We disagree.

The charges against Watson in this case were brought by accusation. Under OCGA § 17-7-70.1, the State has specific authority to try Watson by accusation on the charges "relating to forgery and fraudulent practices" upon a finding of probable cause pursuant to a commitment hearing or Watson's waiver of the right, either expressly or by operation of law, to this hearing. OCGA § 17-7-70.1 (a) (1) (C).

Watson waived her right to a commitment hearing when she posted bond. *Lynn v. State*, 236 Ga. App. 600, 601 (1) (512 SE2d 695) (1999). Thus, the State was authorized to try the charges by accusation.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 10, 2003.

*Robert H. Alexander III*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Victoria S. Aronow, Assistant District Attorneys*, for appellee.